WINSLOW, RESPONDENT, *v.* DUNDOM ET AL., APPELLANTS.

(No. 3,162.)

(Submitted June 18, 1912. Decided June 25, 1912.)

[125 Pac. 136.]

*Specific Performance—Real Property—Sales—Option Contracts —Assignment —Waiver —Tender—Statutory Construction — Contracts—Interpretation—Intent of Parties—Tender—When Unnecessary.*

Equity—Findings—Conclusiveness.
    1.  Unless the appellant in an equity case can show that the evidence preponderates against the findings attacked on the ground of insufficiency of the evidence to support them, they will be accepted as conclusive.

Statutes—Adoption from Other States—Presumptions.
    2.  Where, before its adoption by the legislature of this state, a statute had received construction by the highest court of the state from which it was borrowed, it will be presumed that, in adopting it, it was the legislative intention that the construction theretofore thus placed upon it should prevail in this jurisdiction.

"Option"—Definition.
    3.  An "option" is a right acquired by contract to accept or reject a present offer within a limited or reasonable time.

Contracts—Interpretation—Intent of Parties.
    4.  In the interpretation of contracts, the intention of the parties
in making it must be ascertained, and, when ascertained, enforced.

Specific  Performance—Real  Property—Sales—Option  Contracts—Assign-
ment.
    5.  *Held*, in a suit for specific performance that, where an option
contract for the sale of real property was silent upon the question
of its assignability or nonassignability, and the intention of the parties
was not shown to have been that the right created should be personal
to the option-holder, and the agreement involved simply the cash pay-
ment of the amount of the purchase price mentioned in it, the right
was assignable, and enforceable in a court of equity.

Same—Leases—Assignment—Waiver.
    6.  A lease of ranch lands provided that it should be nonassignable
without the consent of the lessors, and that, in case of a breach by the
lessee, it should be terminated upon ten days' notice from the lessors.
The lease was assigned, but the lessors failed to avail themselves of
the privilege to declare it ended. *Held*, that by their inaction they
waived the breach of the condition.

Same—Tender—When Unnecessary.
    7.  Defendants in a suit for specific performance having informed
plaintiff that it would be useless for him to offer them the purchase
price of the land stipulated for in an option contract, and the latter
having shown himself ready, able and willing to pay the money and
receive the deed, actual tender of the purchase price was unnecessary,
the law not requiring the doing of an idle act.

Appeal from District Court, Fergus County; E. K. Cheadle,
Judge.

Action by F. D. Winslow against William Dundom, Sr., and
another.  From a judgment for plaintiff and an order denying a
new trial, defendants appeal.  Affirmed.

Messrs. Belden & De Kalb, for Appellants, submitted a brief
as well as one in reply to that of Respondent, and argued the
cause orally.

An option is nothing more than a written offer.  In the sense
that there is a meeting of minds concerning the terms of an
option, an option may be said to be an executed contract.  But
it is not a contract with reference to what will take place when
the option is exercised.  As to the relation which will come about
upon acceptance, it is the same as any other offer.  If based upon
a consideration, it is true, the offer cannot be withdrawn until
the time limited has expired; otherwise it is the same as any other
offer.  (*Ide* v. *Leiser*, 10 Mont. 5, 24 Am. St. Rep. 17, 24 Pac.
695; *Hopwood* v. *McCausland*, 120 Iowa, 218, 94 N. W. 469;

*Milwaukee Mechanics' Ins. Co.* v. *B. S. Shea & Son*, 123 Fed. 9, 11, 60 C. C. A. 103; *Sizer* v. *Clark*, 116 Wis. 534, 93 N. W. 539; *Clark* v. *American Developing & Mining Co.*, 28 Mont. 468, 72 Pac. 978; *Hanly* v. *Watterson*, 39 W. Va. 214, 19 S. E. 536.)

Without the consent of the person making the offer, no one has the right to accept the offer except the person to whom it is made. Every contract must come about from an offer and an acceptance. An offer is incapable of being accepted by or assigned to any person other than the offeree. "Where an offer is made to a particular person, it can be accepted by him alone, and is not assignable to another." (9 Cyc. 255; 1 Page on Contracts, sec. 51; Lawson on Contracts, sec. 24; *Rease* v. *Kittle*, 56 W. Va. 269, 49 S. E. 150; *Wheeling Creek Gas, Coal & Coke Co.* v. *Elder*, 170 Fed. 215; *Knight* v. *Cooley*, 34 Iowa, 218; 29 Am. & Eng. Ency. of Law, 2d ed., 595.) Wherever the courts have been called upon to determine rights asserted by an assignee of the bare right to accept an offer, and where that right was not coupled with an interest, the decisions have been uniform in applying the rule laid down, *supra*. (*Perkins* v. *Hadsell*, 50 Ill. 216; *Ely* v. *Commissioner of State Land Office*, 49 Mich. 17, 12 N. W. 893, 13 N. W. 784; *Kane* v. *Clough*, 36 Mich. 436, 24 Am. Rep. 599; Rev. Codes 1907, sec. 4591.)

"Where the right of option depends upon the performance of certain considerations, no interest in the subject matter vests until such conditions have been performed." (21 Am. & Eng. Ency. of Law, 2d ed., 933.) The following authorities support the text: *Richardson* v. *Hardwick*, 106 U. S. 253, 27 L. Ed. 145, 1 Sup. Ct. Rep. 213; *Waterman* v. *Banks*, 144 U. S. 394, 36 L. Ed. 479, 12 Sup. Ct. Rep. 646; *Stembridge* v. *Stembridge*, 87 Ky. 91, 7 S. W. 611; *Clarno* v. *Grayson*, 30 Or. 123, 46 Pac. 430; *Gustin* v. *School District*, 94 Mich. 505, 34 Am. St. Rep. 363, 54 N. W. 156; *Powell* v. *Eckler*, 96 Mich. 540, 56 N. W. 2; *Jackson* v. *Sessions*, 109 Mich. 223, 67 N. W. 318.

What respondent's assignor, Axel Anderson, had, was a bare right to accept the written offer made by appellants to him, and not a right coupled with an interest, nor a covenant running with the land. (*Laffan* v. *Naglee*, 9 Cal. 663, 70 Am. Dec. 678.)

The deed assigning the contract to the respondent's assignor operated to also assign all the right, title and interest of Axel Anderson in and to the lease and the lands held thereunder, which assignment was in violation of the express terms of the lease. (*De Pere Co.* v. *Reynen,* 65 Wis. 271, 22 N. W. 761, 27 N. W. 155; *Worthington* v. *Lee,* 61 Md. 530; *Jacques* v. *Short,* 20 Barb. (N. Y.) 269; *Sharon Cong. Soc.* v. *Rix* (Vt.), 17 Atl. 719; see, also, *Esty* v. *Baker,* 48 Me. 495.)

The evidence of the respondent shows that no acceptance was ever made of the offer of Kate Dundom and that the offer was withdrawn before acceptance. Respondent admits the receipt of the alleged revocation of offer. An offer not based upon a consideration may be withdrawn before acceptance, and the right to accept is thereby lost. (*Ide* v. *Leiser,* 10 Mont. 5, 24 Am. St. Rep. 17, 24 Pac. 695; *Brown* v. *San Francisco Sav. Union,* 134 Cal. 488, 66 Pac. 592; *Wristen* v. *Bowles,* 82 Cal. 84, 22 Pac. 1136; *Litz* v. *Goosling,* 93 Ky. 185, 21 L. R. A. 127, 19 S. W. 527; *Weaver* v. *Burr,* 31 W. Va. 736, 3 L. R. A. 94, 8 S. E. 743; *Gordon* v. *Darnell,* 5 Colo. 302; *Coleman* v. *Applegrath,* 68 Md. 21, 6 Am. St. Rep. 417, 11 Atl. 284.) We contend that in order for the evidence to sustain the decision made in this case there must be found a showing of an acceptance of the said offer. The writing upon which this action is based is a mere offer, and could ripen into a bilateral contract in but one way,—that is, by acceptance. While we contend that respondent was not a proper person to make such acceptance, still, under any view of the case, there was no acceptance of the offer, for the reason that acceptance could be made in only one way,—that is, by a tender of the amount specified in the offer. We desire to direct the court's attention to the fact that no tender was ever made of any money in this case. The authorities hold that a tender is necessary in a case of this kind, and that a tender is not excused by a refusal to recognize the agreement or a repudiation thereof. (See *Marsh* v. *Lott,* 8 Cal. App. 384, 97 Pac. 163; *Montgomery* v. *De Picot,* 153 Cal. 509, 126 Am. St. Rep. 84, 96 Pac. 305.) The holder of an option for purchase of land cannot enforce specific perform-

ance by the vendee in the absence of a showing of the tender of the purchase price. (*Levy* v. *Lyon,* 153 Cal. 213, 94 Pac. 881.)

*Mr. Wm. M. Blackford,* and *Messrs. Ayers & Marshall,* for Respondent, submitted a brief; *Mr. Blackford* argued the cause orally.

The lease was a sufficient consideration for the option. (*House* v. *Jackson,* 24 Or. 89, 32 Pac. 1027, and authorities cited; *Shroeder & Franklin* v. *Gemeinder,* 10 Nev. 355; *Gustin* v. *Union School District,* 94 Mich. 502, 34 Am. St. Rep. 361, 54 N. W. 156; *Hayes* v. *O'Brien,* 149 Ill. 403, 23 L. R. A. 555, 37 N. E. 73; *Swanston* v. *Clark,* 153 Cal. 300–306, 95 Pac. 1117; *Tilton* v. *Sterling Coal & Coke Co.,* 28 Utah, 173, 107 Am. St. Rep. 689, 77 Pac. 760; *De Rutte* v. *Muldrone,* 16 Cal. 505; *Hall* v. *Center,* 40 Cal. 63.)

The option was assignable before the election to purchase. By the assignment, respondent possessed all the rights under the option which Anderson had in the same, including the right of election to purchase, and upon refusal of the vendors to convey, to bring an action to enforce the contract. (*House* v. *Jackson, supra; Mitchell* v. *Taylor,* 27 Or. 377, 41 Pac. 119, 122; *Kerr* v. *Day,* 14 Pa. 112, 53 Am. Dec. 526; *Napier* v. *Darlington,* 70 Pa. 64; *Robinson* v. *Perry & Martin,* 21 Ga. 183, 68 Am. Dec. 455; *Myers* v. *Stone & Son,* 128 Idaho, 10, 111 Am. St. Rep. 180, 5 Ann. Cas. 912, 102 N. W. 507; *La Rue* v. *Groezinger,* 84 Cal. 281, 18 Am. St. Rep. 179, 24 Pac. 42; *Simmons* v. *Zimmerman,* 144 Cal. 256, 1 Ann. Cas. 850, 79 Pac. 451; *Calanchini* v. *Branstetter,* 84 Cal. 249, 24 Pac. 149; *Kreutzer* v. *Lynch,* 122 Wis. 474, 100 N. W. 887.   Citing *Dreutzer* v. *Lawrence,* 58 Wis. 594, 17 N. W. 423; *Telford* v. *Frost,* 76 Wis. 172, 44 N. W. 835; *Wall* v. *Railway Co.,* 86 Wis. 57, 56 N. W. 367; *Maxon* v. *Gates,* 112 Wis. 196, 88 N. W. 54; *Sizer* v. *Clark,* 116 Wis. 534, 93 N. W. 539; 36 Cyc. 759.)

Appellants had constructive notice of the contents of the quitclaim deed of Axel Anderson to respondent from the time it was filed for record. Yet they never at any time manifested any

intention to terminate the lease by reason of the conveyance of the quitclaim deed,—the purpose of which was as between the parties to transfer the option only. Appellants knew all the time that they had the right, if they chose to exercise it, to terminate the lease, and, not having done so prior to notice to purchase, they waived it. (*Jones* v. *Moncriff-Cook Co.*, 25 Okl. 856, 108 Pac. 403, and authorities cited; *Chicago Attachment Co.* v. *Davis-Sewing Machine Co.* (Ill.), 25 N. E. 669; *Sexton* v. *Chicago Storage Co.*, 129 Ill. 378, 16 Am. St. Rep. 274, 21 N. E. 920; *Randol* v. *Tatum*, 98 Cal. 390, 33 Pac. 433; *Garcia* v. *Gunn*, 119 Cal. 315, 51 Pac. 684; *Potts Drug Co.* v. *Benedict*, 156 Cal. 322, 25 L. R. A., n. s., 609, 104 Pac. 432; *Carpenter* v. *Pocasset Mfg. Co.*, 180 Mass. 130, 61 N. E. 816; *Scott* v. *Slaughter*, 35 Tex. Civ. App. 524, 80 S. W. 643; *Railway Co.* v. *Settegast*, 79 Tex. 256, 15 S. W. 228; *Wildy Lodge I. O. O. F.* v. *City of Paris*, 31 Tex. Civ. App. 632, 73 S. W. 70; *Deaton* v. *Taylor*, 90 Va. 219, 17 S. E. 944.)

An option given by the owner of land for a valuable consideration for a specified time cannot be withdrawn within the time therein specified. (*Mueller* v. *Nortmann*, 116 Wis. 468, 96 Am. St. Rep. 997, 93 N. W. 538; *Ross* v. *Parks*, 93 Ala. 153, 30 Am. St. Rep. 47, 11 L. R. A. 148, 8 South. 368; *Ide* v. *Leiser*, 10 Mont. 5, 24 Am. St. Rep. 19, 24 Pac. 695; *Cummins* v. *Beavers*, 103 Va. 230, 106 Am. St. Rep. 881, 1 Ann. Cas. 986, 48 S. E. 891; Warvelle on Vendors, 2d ed., sec. 125.) Where the option was to remain open a fixed time and was made upon a valuable consideration, equity will ignore the attempted revocation, and treat a subsequent acceptance, made within the time defined in the option, exactly as if no attempted revocation had been made. (*Marsh* v. *Lott*, 8 Cal. App. 384, 97 Pac. 164, citing Page on Contracts, sec. 35; *Ross* v. *Parks*, supra; *Black* v. *Maddox*, 104 Ga. 157, 30 S. E. 723; *Mueller* v. *Nortmann*, supra; *Guyer* v. *Warren*, 175 Ill. 328, 51 N. E. 580.)

There having been a consideration for the option, it could not be rescinded prior to the expiration of the time for which it was given without the consent of the holder, and as the cause of rescission named did not exist, appellants had no right to rescind,

and their attempt to do so would not affect the right of respondent to have specific performance. (*Swanston* v. *Clark*, 153 Cal. 305, 95 Pac. 1117; *Tilton* v. *Sterling Coal & Coke Co.*, 28 Utah, 173, 107 Am. St. Rep. 689, 77 Pac. 758; *Williams* v. *Graves*, 7 Tex. Civ. App. 356, 26 S. W. 338.)

"Where the vendor has repudiated the agreement, thus making it appear that if the tender were made its acceptance would be refused, tender or offer by the vendee before suit is unnecessary." (36 Cyc. 705.) The case of *Shattuck* v. *Cunningham*, 31 Atl. 136, was for specific performance of an option contract. Long before the expiration of plaintiff's option he had notice that the defendants would not perform the agreement. Held, in view of this, tender not necessary before bringing the action. (Citing *Dixon* v. *Oliver*, 5 Watts (Pa.), 509; *Hampton* v. *Speckenagle*, 9 Serg. & R. (Pa.) 212, 11 Am. Dec. 704; Pomeroy's Equity Jurisprudence, sec. 1407, note; *Lyman* v. *Gedney*, 114 Ill. 390, 29 N. E. 282.)

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

On March 17, 1908, William Dundom, Sr., and Kate Dundom, his wife, executed and delivered to Axel Anderson two certain instruments in writing. The first was a lease of real property for the term of five years. The second instrument, which refers to the same property, reads as follows:

"Option.

"It is agreed that Axel Anderson, for value received, shall have the right to purchase my property consisting of 2,400 acres of land located in Township 10 North, 17 East, Fergus county, Montana, for a period of three years from date of this instrument, the price to be $15 per acre. I agree to furnish an abstract of title to the property showing same to be free from all encumbrance. The said property to remain in the hands of the said Axel Anderson exclusively for period of time mentioned."

On January 9, 1911, Anderson executed and delivered to F. D. Winslow a quitclaim deed by which he released to Winslow

all his interest in the premises covered by the Dundom lease, and assigned to Winslow all his interest under the option. On January 30, 1911, Winslow notified William Dundom that he had secured the option by assignment and intended to accept the offer contained in it, and then and there prepared a deed for William and Kate Dundom to execute, and this deed was delivered to William Dundom. About March 1, 1911, William and Kate Dundom by writing notified Winslow that they withdrew the offer contained in the option agreement and would not longer abide by the same, for the reason that the option agreement was without consideration. They stated, also, that they refused to recognize any right in Winslow as assignee of Anderson. On March 10, 1911, Winslow notified both William and Kate Dundom that he was then prepared to pay the full purchase price mentioned in the option, that he desired to exercise the privilege given by the option, and demanded a deed for the property. The demand was refused, and this action was commenced by Winslow to enforce specific performance. Upon the trial the court called to its assistance a jury, to whom were submitted certain interrogatories covering the disputed questions of fact. These interrogatories were all answered by the jury in favor of plaintiff's contentions, and these findings were adopted and supplemented by other findings made by the court. A decree in favor of plaintiff was rendered and entered and from that decree and an order denying a new trial the defendants have appealed.

Without attempting to state even the substance of the evidence contained in the voluminous record, it is sufficient to say that there is substantial evidence to support every finding made by the court and jury; and, under the rule of practice in this [1] state, those findings will be accepted in this court, unless the appellants can show that the evidence preponderates against them or some of them. (*Murray* v. *Butte-Monitor T. Min. Co.,* 41 Mont. 449, 110 Pac. 497.) The burden thus imposed upon the appellants they have failed to maintain. At most, the record discloses a sharp conflict in the evidence, involving a mere question of the credibility of witnesses and the weight

to be given to their testimony. Under these circumstances, we accept the findings as conclusive upon the facts involved. Those facts, so far as necessary to be considered now, are (1) that there was a sufficient consideration for the option agreement; (2) that it was not the intention of the parties that the option agreement should be personal to Anderson and not assignable; (3) that the value of the land increased greatly during the life of the option; and (4) that the plaintiff has been at all times since January 30, 1911, able and willing to pay the purchase price and receive a deed for the property involved. By other findings the lands mentioned in the option agreement are identified and certain facts established which are not seriously controverted, if controverted at all.

We have presented to us, then, the single question: Was the option agreement assignable so as to give Winslow the right to insist upon specific performance? There is not any uncertainty or ambiguity in the terms employed, and the question might well be treated as one of law; but out of abundance of caution the trial court submitted to the jury evidence touching the circumstances surrounding the making of this agreement and reflecting upon the intention of the parties to it, and the jury found that it was not the intention of the parties that the option should be personal to Anderson.

Elaborate and most excellent briefs have been submitted by counsel for the respective parties, but, when the arguments are exhausted, the result is fairly characterized by Professor Page in his article on Vendor and Purchaser, in 39 Cyc., page 1245, as follows: "In some jurisdictions it is held that a bond to convey or other contract giving a particular person an option to purchase land within a certain time and upon certain terms and conditions is neither a chose in action nor a transmissible right of property, but a mere personal privilege in the person to whom it is given, and that it is not assignable by him, or subject to acceptance and enforcement by his heirs or personal representatives, unless it has been accepted and thereby changed into a binding contract of sale, or unless it is in terms given not only to him, but also to his assigns, heirs, personal representatives,

*etc.* In other jurisdictions, however, it is held that an option to purchase land based upon a valuable consideration is assignable even before acceptance, and although it does not run to the assigns of the party to whom it is given, unless there is some provision or agreement making the contract a purely personal one.''

The conflict in the decisions arises upon the consideration of peculiar statutory provisions or upon the view entertained by the particular court of the nature of an option itself. We are bound by our own statutes, so far as they are applicable; and this court has had occasion heretofore to consider the nature of an option given for a valuable consideration, such as the one before us, and with our former determinations we are satisfied and adhere to them so far as they reflect upon the question now presented. Appellants lay much stress upon the following provisions of our Revised Codes:

''Sec. 4454. A mere possibility, such as the expectancy of an heir apparent, is not to be deemed an interest of any kind.''

''Sec. 4591. A mere possibility, not coupled with an interest, cannot be transferred.''

Section 4454 is identical in terms with section 700 of the California Civil Code, and section 4591 is identical with section 1045 of the California Civil Code. These provisions were in force in California many years before they were adopted by us in 1895, and had received construction by the highest court of that state before they became a part of our Codes. We must indulge the presumption, then, that in adopting these provisions from [2] California our legislature intended that the same construction should prevail in this jurisdiction as then prevailed in the state from which the sections were borrowed. *(State ex rel. Dolenty* v. *District Court,* 42 Mont. 170, 111 Pac. 731.) The California Code sections above were construed in *In re Garcelon's Estate,* 104 Cal. 570, 43 Am. St. Rep. 134, 32 L. R. A. 595, 38 Pac. 414, wherein it is held that these sections simply state well-settled rules of common law, and, whereas at common law such intangible rights or interests as those mentioned in the sections above were incapable of being transferred, still in equity the rule was quite the contrary, and agreements for the sale of expec-

tancies, if fairly made and for an adequate consideration, were enforced in equity. The court concludes: "It was not the intention of the legislature, in enacting the sections of the Code just referred to, to make any change in the rule by which courts of equity were theretofore governed in dealing with this class of contracts."

Assuming, without deciding, that the right acquired by Anderson under the option agreement can be properly referred to the character of rights mentioned in either section 4454 or 4591 above, we think appellants' contention is fully answered by the conclusion of the California court in the case just cited.

In *Snider* v. *Yarbrough*, 43 Mont. 203, 115 Pac. 411, in speaking of the abstract right as distinguished from the instrument evidencing the right, this court said: "An option is a right ac-
[3]   quired by contract to accept or reject a present offer within a limited or reasonable time." While in characterizing the instrument which evidences such right, this court, in *Ide* v. *Leiser*, 10 Mont. 5, 24 Am. St. Rep. 17, 24 Pac. 695, in speaking of an option said: "It is simply a contract, by which the owner of property agrees with another person that he shall have the right to buy his property, at a fixed price, within a time certain." It is an elementary rule for the construction of contracts generally
[4]   that the intention of the parties in making the contract shall be ascertained, and, when ascertained, shall be enforced. This rule the trial court invoked, and properly so; and without pausing to consider whether oral evidence was admissible to show the intention, for no objection was offered to the evidence, we are confronted with this question: Is there anything in the nature of an option agreement which prevents the option-holder from transferring his interest to a third party, in the absence of any
[5]   evidence that the parties to the agreement in the first instance intended the right created to be personal to the option holder? No useful purpose could be served by a review of, or reference to, the conflicting decisions. There is not any reason suggested why the same rules of law which apply to contracts generally should not be invoked with respect to an option agree-

ment, so far as the character of the latter admits of their application, and we do not know of any.

While the rule is uniform that a person may contract with whom he pleases and may refuse to contract with any particular person, still the rule is equally well settled, as stated in 4 Cyc. 20, as follows: "As to assignability of private contracts, it may be stated as a general rule that rights arising out of agreements or contracts between private individuals may be assigned, in the absence of any provision or stipulation in the agreement or contract to the contrary." Certain well-recognized exceptions to that rule arise in case the right is coupled with a liability, or the contract involves the relation of personal confidence, or the contract is for personal services; and the reason for these exceptions is apparent at once. A person might be willing to employ a particular person as his confidential agent, whereas he would not be willing that someone else should perform the services for him, or he might be willing to pay a given price to a particular artist for a painting by him, whereas he would not be willing to pay the same price, or possibly any price, for a painting upon the same subject by someone else. But since the contract in question does not involve the relations of personal confidence or skill, and the right is not coupled with any liability, there is not any reason why Anderson's assignee cannot perform the agreement as well as Anderson himself. It involved simply the payment in cash of the amount of the purchase price mentioned in the agreement.

The rule that rights arising from contracts between private individuals are assignable, and that nonassignability is the exception, was recognized by this court in *Flinner* v. *McVay*, 37 Mont. 306, 15 Ann. Cas. 1175, 19 L. R. A., n. s., 879, 96 Pac. 340.

Since it appears in this instance that it was not the intention of the parties to the agreement that the right secured to Anderson should be personal to him, and since the execution of the agreement does not involve any question of personal confidence or skill, we think the case falls within the general rule and that the right was assignable, and that Winslow may enforce the same in a court of equity.

The record discloses that the consideration for the option was the lease, which by its terms was made nonassignable without the consent of the lessors; and it is now insisted that by giving the quitclaim deed Anderson assigned the lease without his lessor's consent, thereby forfeiting his rights under it, and that in effect the lease ceased to exist and in consequence thereof the consideration for the option agreement failed, and defendants were at liberty to withdraw the offer, as they assumed to do in the written notice of March 1. Subdivision 4 of section 7271, Revised Codes, reads as follows: "Any tenant or subtenant, assigning or subletting, or committing waste upon the demised premises, contrary to the covenants of his lease, thereby terminates the lease, and the landlord, or his successor in estate, shall upon service of three days' notice to quit, upon the person or persons in possession, be entitled to restitution of possession of such demised premises, under the provisions of this Chapter."

The provision for nonassignability contained in the lease was clearly intended for the benefit of the lessors; but such right, or the breach of the condition, they could waive if they chose to do so. The statute above merely gives them a right which they could assert or not, as they elected. The lease provides for [6] its termination upon ten days' notice from the lessors, in case of a breach by the lessee; but the record fails to show that the lessors availed themselves of the privilege, and, in the absence of such showing, "the case stands as if no restriction had been imposed, or as if the lessor had given his consent to the assignment." (*Jones* v. *Moncrief-Cook Co.*, 25 Okl. 856, 108 Pac. 403, and cases therein cited.) The violation of the covenant against assignment gave to the lessors the right to declare the lease terminated and end the term; but this right they waived by a failure to exercise it. (*Garcia* v. *Gunn*, 119 Cal. 315, 51 Pac. 684; *Scott* v. *Slaughter*, 35 Tex. Civ. App. 524, 80 S. W. 643.)

Finally, it is urged that there never was an acceptance of the offer contained in the option agreement. It is insisted that an [7] acceptance involved the actual payment or tender of the purchase money, and this is correct, unless the defendants by

their conduct excused actual tender. The law does not require the doing of an idle act; and but for the declarations of defendants in their written notice of March 1, and their oral declarations to the plaintiff on March 10, plaintiff would fail by reason of his failure to make actual tender. But when the defendants notified him on March 1 that they would not abide by the option agreement, and when on March 10 they specifically told him that it was useless for him to offer them the money, as they would not accept it, they thereby released the plaintiff from the necessity of actually producing the money and offering it to them, so long as he showed himself ready, able and willing to pay the money and receive the deed. (*Long* v. *Needham,* 37 Mont. 408, 96 Pac. 731; *Finlen* v. *Heinze,* 32 Mont. 354, 80 Pac. 918; *Christiansen* v. *Aldrich,* 30 Mont. 446, 76 Pac. 1007.).

· We deem it unnecessary to give particular consideration to other questions presented.

The judgment and order are affirmed.

*Affirmed.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE SMITH concur.

