RAYMOND M. MILLER, Plaintiff and Appellant, v. BEULAH F. MEREDITH, NANET MEREDITH HILL, ROSS WHITFIELD, FLORENCE WHITFIELD, wife of Ross Whitfield, Defendants and Respondents.

No. 11185.
Submitted January 11, 1967.   Decided February 2, 1967.
423 P.2d 595.

B. Miles Larson, Jr., Stanford, Church, Harris, Johnson & Williams, Cresap S. McCracken, Great Falls, James C. Wilkins, Jr., Lewistown, for defendants and respondents.

Charles Davidson (argued), Great Falls, for plaintiff and appellant.

MR. JUSTICE JOHN C. HARRISON delivered the Opinion of the Court.

This is an appeal from a summary judgment entered in the district court, in and for the County of Judith Basin, Montana, the Honorable LeRoy McKinnon, judge presiding.

The action was brought in the spring of 1965, founded upon allegations that the appellant had an option to certain lands owned by Beulah F. Meredith, subsequently conveyed to her daughter, Nanet Meredith Hill, who later conveyed to Ross and Florence Whitfield. By extensive discovery proceedings, questions of fact were eliminated from the case and upon appropriate motion the court granted summary judgment of dismissal in favor of respondents on May 13, 1966.

Beulah F. Meredith acquired the land in question in the early 1930s. In 1948, the appellant Miller leased the land from her for three years and this 1948 lease was extended from time to time until November 1960. At that time appellant drew a new lease for three years commencing January 1, 1961, and expiring December 31, 1963. Under the lease he drew, the appellant provided:

"It is further agreed that Raymond Miller shall have the right of option should the lands be for sale."

Appellant summer-fallowed and planted winter wheat in the Fall of 1963. No new lease was submitted by appellant at the end of the lease on December 31, 1963. In April the respondents Whitfield purchased the property from Beulah F. Meredith and her daughter Nanet Meredith Hill for the sum of $10,000. On April 20, they notified appellant of their purchase, and he immediately flew to Colorado Springs on April 22, where he was told that the sale had been made. Upon return to Montana the appellant wrote respondent Hill on April 28, stating that he wanted to purchase the land, suggested an

installment purchase of same and that he was "very interested in exercising my option to purchase the land."

In May the land was conveyed to the respondents Whitfield and they received the landlord's share of the 1964 crop. Suit was not filed until late in March 1965, and Mrs. Meredith was not served with summons until a year and one-half passed after the end of the lease. Service on Mrs. Hill took an additional month. In the meantime Mrs. Meredith had become an incompetent and her daughter Mrs. Hill had been made guardian ad litem.

While appellant set forth two specifications of error which are (1) that the court erred in finding that the option granted in 1961 lease had no force or effect after January 1, 1964 and (2) that the court erred in finding that defendants Whitfield were purchasers in good faith and without notice, we feel the only issue before this court is whether the tenant, upon the expiration of a written lease and option, has an effective option by operation of law some three and one-half months after the expiration date.

The question of whether a tenant holding over can exercise an option has not been before this court.

This court held in Hart v. Barron, 122 Mont. 350, 204 P. 2d 797, when called upon to interpret a contract: "If any uncertainty exists in such contract it is to be interpreted most strongly against the plaintiff promisor who caused such uncertainty to exist. Section 7545, R.C.M.1935 [now section 13-720, R.C.M.1947]." See also Voyta v. Clonts, 134 Mont. 156, 328 P.2d 655.

This court has defined the word "option" as follows: "An option is a right acquired by contract to accept or reject a present offer within a limited or reasonable time." Winslow v. Dundom, 46 Mont. 71, 125 P. 136, quoting from Snider v. Yarbrough, 43 Mont. 203, 115 P. 411. And, " 'It is simply a contract, by which the owner of property agrees with another person that he shall have the right to buy his property, at a fixed

price, within a certain time.' " (Quoting from Ide v. Leiser, 10 Mont. 5, 24 P. 695, 24 Am.St.Rep. 17.)

It is apparent on the face of the lease that the option drawn by appellant is neither a first refusal option nor a conditional option. A lease and an option are distinct agreements. The terms and the conditions of the lease are not the terms and conditions of the option. 32 Am.Jur., Landlord and Tenant, § 308, p. 286.

Too, the very act of holding over and becoming a trespasser, though as hereinafter pointed out such status is protected by virtue of statute, such action cannot equitably be used to create in him a right. This court has held concerning a tenant:

" 'Since a tenant is under duty, it being a covenant express or implied in all leases, to deliver up the premises to the landlord on the termination of a lease, the tenant can hold over rightfully only pursuant to a valid agreement with the landlord. * * * A tenant holding over has no election to regard himself as a tenant; such election is in the landlord.' 32 Am. Jur., Landlord and Tenant, §§ 918, 919, pp. 778, 779. Mahoney v. Lester, 118 Mont. 551, 168 P.2d 339." State ex rel. Needham v. Justice Court, 119 Mont. 89, 94, 171 P.2d 351.

Under the common law the holdover tenant was considered a trespasser and in order to get away from the harshness of such a rule, and to conform to agricultural practices of the state, our Code specifically provided for agricultural lessees in section 93-9703, R.C.M.1947. Under this section a holdover tenant for sixty days without notice who invests time and seed will not lose this investment to the landlord. However, the statute gives him no more than the right to harvest his crop to protect his investment and protects him from liability in an action for unlawful detainer. Had the Legislature in its wisdom wanted to provide more it could have done so by statute. We must, therefore, construe the statute strictly.

Having answered the principal issue presented up-

holding the action of the district court in granting summary judgment, we further note that we find no merit to appellant's second specification of error. The respondent Whitfields owed no obligation to appellant and in view of agreed statement of facts, the case presents a substantial basis upon which a court of equity could have barred the claim by laches and estoppel.

The judgment of the district court is affirmed.

MR. CHIEF JUSTICE JAMES T. HARRISON and MR. JUSTICES ADAIR, DOYLE and CASTLES, concur.