No. 13746

IN THE SUPREME COURT OF THE STATE OF MONTANA

1977

---

HOLLIDAY LAND AND LIVESTOCK COMPANY,
a Montana corporation,

Plaintiff and Appellant,

-vs-

CHARLES PIERCE et al.,

Defendants and Respondents.

---

Appeal from: District Court of the Fourteenth Judicial
District,
Honorable Nat Allen, Judge presiding.

Counsel of Record:

For Appellant:

John V. Potter, Jr. White Sulphur Springs, Montana
Glen Neier argued, White Sulphur Springs, Montana

For Respondents:

Moore, Rice and O'Connell, Bozeman, Montana
Barry O'Connell argued, Bozeman, Montana
David DePuy, Livingston, Montana

---

Submitted: September 15, 1977

Decided: NOV - 7 1977

Filed: NOV - 7 1977

Thomas J. Kearney
Clerk

Mr. Chief Justice Paul G. Hatfield delivered the Opinion of the Court.

This is an appeal from the District Court's order, Wheatland County, granting the motion to dismiss the action in which a lessor of agricultural property brought suit against the lessees for unlawful detainer.

The record discloses that plaintiff leased to defendants ranch property located in Wheatland County, Montana. The "Real Estate Lease" commenced on December 1, 1973, and expired on December 1, 1974. The annual rental sum of $12,500 was to be paid in advance upon execution of the agreement. By notice, defendants exercised an option to renew for the term December 1, 1974 through December 1, 1975. The agreed rental was paid in advance. After December 1, 1975, defendants remained on the property. No advance rental was paid to the plaintiff upon expiration of the second rental term.

On September 9, 1976, plaintiff served defendants with a "Notice Requiring Payment of Rent or Possession of Property". Following no response from defendants, plaintiff filed a "Complaint for Unlawful Detainer". Defendants thereafter submitted a motion to dismiss pursuant to Rule 12(b)(6), M.R.Civ.P. The motion to dismiss was argued before Hon. Nat Allen and granted February 18, 1977. Plaintiff appeals from this order.

The dispositive issues before this Court are:

1. Whether a tenant upon agricultural lands holding over for more than sixty days without notice can be guilty of unlawful detainer as a matter of law?

2. Whether recovery of rent in an action for unlawful detainer is dependent upon the finding of unlawful detainer?

Defendants argue that under section 93-9703(2), R.C.M. 1947, when an agricultural tenant holds over and receives no notice to quit within 60 days, he is free from the action for

unlawful detainer for the term of the previous lease. We agree.

On December 1, 1975, defendants became holdover tenants. For more than 60 days thereafter, defendants enjoyed the quiet and peaceful possession of the leased agricultural property without plaintiff serving a notice to vacate or demand for payment of rent. The statute defining unlawful detainer, section 93-9703, R.C.M. 1947, is clear and unequivocal. Miller v. Meredith, Hill and Whitfield, 149 Mont. 125, 423 P.2d 595 (1967). Pursuant to section 93-9703(2), a holdover tenant upon agricultural property is guilty of an unlawful detainer where:

(1) The term of the lease has expired; and

(2) Statutory notice is given the tenant within 60 days after expiration of the lease.

Miller, 149 Mont. 129; Kenfield v. Curry, 145 Mont. 174, 399 P.2d 999 (1965).

The fulfillment of both is a condition precedent to the initiation of an unlawful detainer action. Plaintiff admitted in the complaint that notice was not given until ten months after expiration of the lease. In so pleading, plaintiff could not state a cause of action for unlawful detainer upon which relief could be granted.

In Pipkin v. Connolly, 167 Mont. 284, 291, 538 P.2d 347 (1975), this Court clearly discussed the issue of holding over by an agricultural tenant.

> " * * * While all other tenancies speak of holding over without permission of the landlord, and this Court is mindful of the cases holding three day notice to pay or quit satisfies 'without permission' impliedly, agricultural leases require demand after holding over after the expiration of the lease term * * *.
>
> " * * *
>
> " * * * As stated heretofore, no notice or demand

- 3 -

was ever given Connollys after the expiration of the lease. They remained on the property sixty days after the lease terminated and planted their crops. Therefore, under section 93-9703(2), they had a right to harvest those crops and <u>are protected from liability for unlawful detainer</u>." (Emphasis added.)

The lease was for agricultural land; the tenants held over. The landlord did not send notice within 60 days to vacate the property or pay the rent. Section 93-9703(2) clearly sets out the procedure and clearly denies the liability of unlawful detainer where the prescribed procedure is not met. Defendants were not liable for unlawful detainer.

The second issue before this Court is whether a second independent cause of action for rents is included within an unlawful detainer action. We hold that where the unlawful detainer action fails, the statutorily allowed incidents of rents and damages also fail.

The nature of an unlawful detainer action is a civil action at law sounding in tort. The action is a purely statutory civil proceeding unknown to common law. Hutchenson v. Burton, 126 Mont. 279, 247 P.2d 987 (1952). The statute is therefore strictly construed. <u>Miller</u>, 149 Mont. 129.

An unlawful detainer action is a summary proceeding in which the primary purpose is to obtain the possession of real property in situations specified by statute. Vasey v. California Dance Co., Inc., App., 139 Cal.Rptr. 72, 74 (1977); 36A C.J.S. Forcible Entry & Detainer, § 3, p. 961. In such an action the court has limited jurisdiction, having before it only the issue of possession and its statutory incidents. Snuffin v. Mayo, 6 Wash.App. 525, 494 P.2d 497 (1972).

Montana's unlawful detainer statute pertaining to agricultural land is not unique. Several other jurisdictions have similar provisions, including California and Washington which

have nearly identical statutes to section 93-9703(2). This Court's attention is directed to the California and Washington courts' discussion of unlawful detainer. The California court, when faced with a question similar to this second issue made this pronouncement in Vasey, 139 Cal.Rptr. 74-75:

> " * * * The sole issue before the court is the right to possession. * * *

> " * * * even where there is injury to a lessor resulting from breach of covenants under the lease, the lessor must resort to ordinary action and cannot 'take advantage of the summary proceeding designed solely to enable him to speedily recover possession.' * * *

> "The reasons for such a restriction are clear. An unlawful detainer action is founded upon unlawful occupation and the principal relief sought is early possession of the property; damages and rent are incidental thereto and are recoverable only because the statute so provides."

The Washington court in passing on their like statute, stated in Pine Corporation v. Richardson, 12 Wash.App. 459, 530 P.2d 696, 700 (1975):

> "In short, the rule is that where the issue of possession otherwise has been resolved, collateral issues--such as the validity of a claim for accrued rentals--will not lie in an action brought pursuant to the unlawful detainer statute, RCW 59.12. * * *"

Plaintiff brought this action solely under the unlawful detainer statute. Damages can be allowed plaintiff only as an incident to the right of possession. If plaintiff fails to prove unlawful detainer, he cannot be awarded damages. If there is no claim to recover possession or no recovery of possession, there can be no award of damages, a claim for which must be asserted in an ordinary civil action. 36A C.J.S. Forcible Entry & Detainer, § 58, p. 1028. Loss of rents are usually included as damages recoverable. 36A C.J.S. Forcible Entry & Detainer, § 59, P. 1028.

In the case at hand, plaintiff prayed for relief solely under the unlawful detainer statute. This is strictly a statutory remedy. Where the unlawful detainer action fails, incidents

- 5 -

allowable under the action fail. Fontana Industries, Inc. v. Western Grain & Fer. Co., 167 Cal.App.2d 408, 334 P.2d 611 (1959). This has been the rule in Montana since Bush v. Baker, 51 Mont. 326, 334, 152 P. 750 (1915). In Bush this Court stated:

> " * * * Our statute is so worded, however, that to support a recovery of rents in this action, it was requisite for the plaintiff to establish, and for the jury to find, that there had been an unlawful detainer. * * *"

The District Court was correct in ruling solely on the merits of the unlawful detainer action and in granting the motion to dismiss. Once the unlawful detainer action failed, the District Court lost jurisdiction to continue on the question of incidents under the unlawful detainer action.

This Court also rejects plaintiff's claim that Rule 18, M.R.Civ.P., controls in this case. We are cognizant of the fact that Bush was decided long before the Montana Rules of Civil Procedure. We are also cognizant of the fact that Rule 18 allows the joinder of independent claims "as many claims either legal or equitable or both as he has against an opposing party or co-party". Rents sound in contract and constitute a cause of action in themselves without regard to unlawful detainer. Bush, 51 Mont. 333. Unlawful detainer sounds in tort. Hutchenson, 126 Mont. 298. By the liberal joining of independent claims under Rule 18 these two independent claims could be joined. In the case at hand, plaintiff did not join two independent claims. The complaint filed by plaintiff presents only one prayer for relief--an unlawful detainer action and its statutory incidents of rents and damages. As a result plaintiff was entitled to only one of two things: (1) a granting of an award for unlawful detainer; or (2) a dismissal of the unlawful detainer action.

The question of accrued rents was raised by plaintiff only as an incident to the unlawful detainer action. The

District Court had jurisdiction in the unlawful detainer action. Once that action was dismissed, the District Court was without jurisdiction to continue and rightfully did not. Therefore, the question of accrued rents was not reached nor ruled upon by the District Court. A claim for the accrued rents, being an independent action from the unlawful detainer, must be asserted in an ordinary civil action. 36A C.J.S. Forcible Entry & Detainer, § 58, p. 1028. See also: Lees v. Wardall, 16 Wash.App. 233, 554 P.2d 1076, (1976); Briggs v. Electronic Memories & Magnetics Corp., 126 Cal.Rptr. 34, 53 Cal.App.3d 900 (1975). The regulating of the accrued rents to the processes of an ordinary civil action was discussed by the Washington court in Pine Corporation, 530 P.2d at 700:

> "Similarly, in Tuschoff v. Westover, supra, where the landlord had obtained possession of the premises in question, the court refused to allow him to pursue his claim for accrued rent as part of unlawful detainer jurisdiction, stating 65 Wash.2d at 73, 395 P.2d at 632:
>
> "The special summons employed in an unlawful detainer action is insufficient to give the court jurisdiction of the parties in a general proceeding. The court has obtained jurisdiction over the parties only for the limited statutory purpose of determining the issue of possession.
>
> "The court obtained jurisdiction over the parties for a limited statutory purpose only, namely, to determine the issue of possession in an unlawful detainer action and, having obtained that limited jurisdiction, it committed error in transforming the special statutory proceeding into an ordinary lawsuit for accrued rentals. Hence, respondents' action for accrued rental is dismissed without prejudice to any other appropriate action.'"

The order of the District Court is affirmed. The dismissal of the unlawful detainer action does not prejudice any other appropriate action taken by the plaintiff on an independent contract claim for accrued rents.

Chief Justice

- 7 -

We concur:

_Frank I. Haswell_

_John Conway Harrison_

_Gene B. Daly_

_Daniel J. Shea_
Justices