No. 79-120

IN THE SUPREME COURT OF THE STATE OF MONTANA

1980

_____

GERALD BERRY,

Plaintiff and Appellant,

vs.

BETTY L. MANN,

Defendant and Respondent.

_____

Appeal from: District Court of the Fourth Judicial District,
In and for the County of Lake.
Honorable Jack L. Green, Judge presiding.

Counsel of Record:

For Appellant:

Daniels & Mizner, Deer Lodge, Montana

For Respondent:

Turnage and McNeil, Polson, Montana

_____

Submitted on briefs: April 25, 1980

Decided: MAY 12 1980

Filed: MAY 1 1980

Thomas J. Kearney
                         Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

This is an appeal from a judgment of the District Court of the Fourth Judicial District, County of Lake, the Honorable Jack L. Green presiding without a jury, entered in favor of defendant, Betty L. Mann. Appellant brought this action in the District Court (1) to rescind the contract dated April 30, 1976, that he had entered into with respondent for the purchase of certain property, and (2) to enforce the option to purchase the same property at a lower price under a contract previously entered into by respondent and Gordon M. Williams and his wife dated February 18, 1975, for which appellant gave $2200 to obtain an assignment dated February 4, 1977. The District Court found that appellant was not entitled to a rescission of his April 30, 1976 contract with respondent, nor was he entitled to exercise the Williamses' option contract.

Respondent Betty L. Mann is the owner of a combination restaurant-motel business known as the "Alpine Cafe & Motel" located at Swan Lake, in Lake County, Montana. On February 18, 1975, she entered into an option contract with Gordon M. and Darlene L. Williams for the sale of the business, and at the same time, executed a separate lease of the business to the Williamses for a period of three years beginning May 1, 1975, at a rental of $6000 per year. The option contract was assignable and provided that the Williamses could exercise the option to purchase at a purchase price of $68,000 by paying $12,000 down on or before May 1, 1978, and by paying the balance in monthly payments of $500 which included interest commencing on June 1, 1978. In consideration for this option, the option contract recited that the Williamses

had paid $6000, which represented one-third of the amount due under the three-year lease, and which would be credited towards payment of the option price if the option was exercised.

The accompanying lease provided that the $6000 annual rental would be paid by a $500 downpayment made on the date of execution, February 18, 1975; $2700 due on March 1, 1975; and the balance of $2800 due in monthly payments of $100 beginning on March 1, 1975, which would rise to $433.30 per month on May 1, 1975, until the full $6000 sum was paid.

The Williamses failed to pay the balance of the consideration recited in the option contract, stopped making lease payments, and closed the business and vacated the property on September 1, 1975. Subsequently, on April 30, 1976, Mann entered into an agreement with Berry for the sale of the same property for a purchase price of $75,000 with a downpayment of $20,000 and the balance to be paid in monthly payments of $500, including interest on the unpaid principal balance at the rate of 8-1/2 percent annually. Berry had no actual notice of the Mann-Williams option agreement at this time. Mann considered the agreement and the lease to have been terminated by mutual agreement and to be void by reason of the Williamses' default and failure of consideration.

Berry learned of the previous agreement only when a title insurance policy showed merchantable title was not forthcoming, as required under his contract with Mann. Berry employed an attorney and a title insurance policy was received December 20, 1976, which showed the Williamses' option and lease as exceptions to merchantable title.

Berry, acting on advice of counsel, paid the Williamses $2200 and received an assignment of the Williamses' interest

under the option contract on February 4, 1977. On April 25, 1977, Berry brought this suit for a cancellation and rescission of his April 30, 1976 agreement with Mann and for specific enforcement of the Williamses' option agreement in his (Berry's) name as assignee. In her answer dated September 14, 1977, Mann alleged that the Williamses' option and lease were cancelled and invalid prior to her entering the contract with Berry. She also asserted a cross-complaint against the Williamses because of their default in the lease payments after March 1, 1975, and the failure of consideration for the option contract. The District Court struck this cross-complaint from her answer on Berry's motion.

Mann then filed a separate action against Williams and his wife on August 31, 1978, for cancellation and termination of the Williamses' option and lease which option had been assigned to Berry on February 4, 1977. The Williamses were served on September 20, 1978, and their default was entered in an October 11, 1978 judgment declaring the lease and option to be void. The option was found to be void and cancelled as of March 1, 1975, for failure of consideration, and the lease was found to be void and cancelled as of August 15, 1975, for default in making payments thereunder. On the basis of this default judgment, the District Court found that the assignment of the option to Berry was of no effect.

The District Court found further that the contract of April 30, 1976, between Berry and Mann remains in full force and effect, and that Mann has provided a title insurance report dated October 17, 1978, showing good and merchantable title in property free and clear of all liens and encumbrances, as required under their contract.

The sole issue on appeal is: Did the District Court err in finding, based on the default judgment against the Williamses and in favor of Mann (to which Berry was not party), that the option contract between the Williamses and Mann was void at the time of its assignment by the Williamses to Berry.

This Court in a long series of opinions, many of which are cited in Harrison v. City of Missoula (1965), 146 Mont. 420, 407 P.2d 703, has held that there is a presumption that the trial court's findings of fact, conclusions of law, judgment and decree are correct, and that the burden is upon the appellant to show reversible error.

In addition, the evidence is to be viewed in a light most favorable to the prevailing party, and this Court will not interfere with the findings of the trier of fact if they are supported by substantial evidence. Wyant v. Dunn (1962), 140 Mont. 181, 368 P.2d 917.

We note that appellant's position and sole issue is that the finding that the Williamses' option contract was void at the time of its assignment to Berry is contrary to the law and not supported by the evidence. However, the brief presented and the authority contained therein is void of any support for that contention. The trial court took judicial notice of the District Court judgment in Civil Action No. 10443 and determined that, based on this judgment, the option contract of February 18, 1975 between the Williamses and Mann became void on March 1, 1975. It was, therefore, void at the time of the assignment from the Williamses to Berry on February 4, 1977. Appellant does not claim that the judgment in Cause No. 10443 is invalid but merely states in his issues and statement of case that Berry

-5-

was not a party to that action. This is certainly not sufficient argument to overturn the District Court's finding that the Williamses' contract was void.

Respondent Mann in her counterclaim tried to bring the Williamses into this lawsuit. However, the counterclaim was dismissed in this suit on motion by Berry. The evidence shows that the separate lawsuit filed by respondent against the Williamses, that appellant now complains he was not a party to, contains the same allegations that were in the counterclaim against the Williamses in the instant case and were dismissed on appellant's motion.

Independent of the judgment in the Civil Action No. 10443, which found that the option and lease were void, there was substantial evidence presented before Judge Green in the instant case to support the conclusion that the option was void. The uncontradicted testimony of the respondent is that the Williamses did not pay the full $6000 consideration referred to in the option contract and that the Williamses still owed respondent $2800 that was to have been paid on or before March 1, 1975, but was never paid.

Respondent also testified that the Williamses left the property on or about August 15, 1975, and made no further payments on the lease. She further testified that she received a letter along with the keys to the property sometime in early September. Respondent operated the property after that time and was operating the property at the time she entered into the contract with appellant.

Appellant has failed in his burden of proving that the trial court's finding that the option contract was void at the time it was assigned to Berry was in error. The record contains substantial evidence to support the finding both in

-6-

the trial court's having taken judicial notice of the judgment in Civil Action No. 10443 and in the uncontradicted testimony of respondent as to the failure of consideration and default in the payment in the option and lease which occurred prior to the assignment to appellant.

In support of his position appellant cites Miller v. Meredith, Hill and Whitfield (1967), 149 Mont. 125, 423 P.2d 595, as authority that the terms and conditions of a lease are not the terms and conditions of an option. That case held that a tenant holding over after expiration of lease was not entitled to exercise his option to purchase. Applying that authority to the facts in the instant case, neither Williamses nor their assignee, the appellant, would be entitled to exercise the option because of the failure of consideration of payment upon the option and because of the default in the lease payment. We find no basis to rely upon this case in support of appellant's position that the lease was not in default.

Next appellant cites Ogg v. Herman (1924), 71 Mont. 10, 227 P. 467, and Connor v. Helvik (1937), 105 Mont. 437, 73 P.2d 541, as authority concerning merchantable title being given appellant by respondent at the time of the agreement entered into between appellant and respondent. The facts in this case do not support the appellant's position on the delivery of merchantable title. The facts indicate that once the matter was brought to respondent's attention, she immediately did everything that was necessary to clear the title and present a good and merchantable title to appellant, free and clear of all liens and encumbrances. The trial court so found in Finding of Fact No. 4, and this finding was not even raised/an issue by appellant on appeal.

as

For the foregoing reasons the judgment of the District Court is affirmed.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices