MUNSON, RESPONDENT, *v.* SOLACE ET AL., APPELLANTS.

(No. 4,997.)

(Submitted January 23, 1923. Decided February 10, 1923.)

[212 Pac. 1103.]

*Husband and Wife—Alienation of Affections—Slander—Complaint—Sufficiency.*

Complaint—Sufficiency—Attacked on Appeal—When Upheld.

1. Where the sufficiency of a complaint is raised for the first time on appeal, every reasonable deduction will be drawn from the facts stated in order to uphold it, and it will be held sufficient if the defect made the basis of the objection is not a matter going to the root of the cause of action, but is such as might have been remedied by amendment.

Husband and Wife—Alienation of Affections—Complaint—When Sufficient.

2. A complaint in an action for damages for alienation of the affections of plaintiff's wife, setting forth the marriage relation, the loss by plaintiff of the person, affection, society and aid of the wife, and that the alienation was *accomplished by the intentional, wrongful or malicious conduct* of the defendant, was sufficient.

Same—Alienation of Affections—What not Defense.

3. In an action for alienation of affections it is no defense that the divorce obtained by the wife was obtained on grounds which existed independently of the acts complained of, even though there had been an estrangement, but if by intermeddling defendant prevented a reconciliation he is liable in damages.

Slander—What Statements not Actionable *per se*—Complaint—Insufficiency.

4. *Held,* that the complaint in an action for slander alleging that defendant had falsely made statements that plaintiff had uttered

---

3. Divorce as affecting right to maintain action for alienation of affections or criminal conversation, see note in Ann. Cas. 1912D, 619.

[66 Mont. 70.]

slanderous remarks concerning his wife, calling her a whore and other indecent names, did not state a cause of action in the absence of an allegation of special damages, the words complained of not being actionable *per se*.

*Appeal from District Court, Dawson County; C. C. Hurley, Judge.*

ACTION by Edgar Munson against L. M. Solace and another. From a judgment for plaintiff, defendants appeal. Remanded, with directions to modify the judgment.

*Mr. Desmond J. O'Neil*, for Appellants, submitted a brief and argued the cause orally.

A casual examination of the second cause of action will disclose that plaintiff has not stated a cause of action. Words actionable *per se* must come under one of the provisions of section 3603, Revised Codes of 1907. If the words are not actionable *per se,* special damages must be alleged and the facts showing such special damages must be set forth or no cause of action is stated. (*Lemmer* v. *Tribune,* 50 Mont. 559, 148 Pac. 338; *Brown* v. *Ind. Pub. Co.,* 48 Mont. 374, 138 Pac. 258; *Ledlie* v. *Wallen,* 17 Mont. 150, 42 Pac. 289; see, also, 25 Cyc. 447, 448.)

*Mr. R. O. Lunke* and *Mr. George Ericson,* for Respondents, submitted a brief.

The complaint sufficiently states facts, in that it was enough for the plaintiff to have pleaded the ultimate facts as to the alienation of his wife's affections by the defendants and the acts done and artifices used to accomplish the alienation are not required to be pleaded. They are largely matters of evidence by which the ultimate facts are to be proved. (*Nevins* v. *Nevins,* 68 Kan. 410, 75 Pac. 492; *Nichols* v. *Nichols,* 134 Mo. 187, 35 S. W. 577; *French* v. *Deane,* 19 Colo. 504, 24 L. R. A. 387, 36 Pac. 609; *Williams* v. *Williams,* 20 Colo. 51, 37 Pac. 614; *Lockwood* v. *Lockwood,* 67 Minn. 476, 70 N. W. 784; *Brown* v. *Kingsley,* 38 Iowa, 220; *Hodge* v. *Bales,* 102

Ind. 494, 1 N. E. 692; *Warnock* v. *Moore,* 91 Kan. 262, 137 Pac. 959.)

As to the second cause of action, the complaint alleges that the defendants uttered and published that the plaintiff had charged his wife, Gena Munson, with being a "whore" and that plaintiff uttered and published such charge against his said wife, and her chastity. It is well settled that to charge a female person with being a "whore" is actionable *per se* and that to recover in either a libel or slander case it is not necessary to allege special damages. (25 Cyc. 322; *Pink* v. *Catanich,* 51 Cal. 420; *Michelson* v. *Lavin,* 95 Ga. 565, 20 S. E. 292; *Pledger* v. *Hathcock,* 1 Ga. 550; *Schmisseur* v. *Kreilich,* 92 Ill. 347; *Claypool* v. *Claypool,* 56 Ill. App. 17.)

MR. COMMISSIONER BENNETT prepared the opinion for the court.

The action is before us on an appeal from a default judgment. The complaint was filed April 30, 1920. The defendants were regularly served with process August 24, 1920. No appearance was made by either defendant until the notice of appeal was filed. Default was entered September 18, 1920, by the clerk of the court and indorsed on the complaint November 6, 1920. Judgment was taken and entered November 6, 1920, against the defendants for $15,000, the full amount prayed for in both causes of action set out in the complaint. The complaint reads as follows:

"I. That at Glendive, Mont., on the 12th day of December, 1912, this plaintiff and one Gena Munson intermarried as husband and wife, and up to and including the 26th day of June, 1918, they lived together as husband and wife.

"II. That as a result of said marriage there was born to said parties two children, Dorothy Munson, age 6 years, and Edna Munson, age three years, who are now living with their mother, Gena Munson, at Halstad, Minnesota.

"III. That prior to the 26th day of October, 1918, the above-named defendants, for the purpose of influencing said Gena Munson, his wife, against this plaintiff, and for the pur-

pose of causing this plaintiff grievous mental suffering and anguish, and for the purpose of breaking up the pleasant relations existing between this plaintiff and his wife, Gena Munson, who were living happily together as man and wife, caused numerous false statements to be made to the said Gena Munson, wife, as to her chastity, which said defendants claimed has been uttered and published by this plaintiff to neighbors in the vicinity and where this plaintiff and the said Gena Munson were then living in Dawson county, Mont., and by such false statements and false persuasions and rumors so made by the defendants, well knowing the same to be false, and maliciously and wrongfully contriving to injure the plaintiff and deprive him of the comfort, society, and aid of his wife and family, so worked upon the mind of the said Gena Munson, she believing the same to be true, that by reason of such false statements so maliciously made, and thereby persuading the same to be true, that she in the month of June, 1918, in the above court, instituted an action for divorce in said court at Glendive, Mont., and under and by virtue of which a divorce was granted to the said Gena Munson, and the home of this plaintiff broken up, and his wife compelled to leave the state of Montana and forsake her marital relations with this plaintiff and to remove their children from the state of Montana.

"IV.  That said statements were all made by these defendants to the said Gena Munson, well knowing that the same were untrue and false, and that by reason thereof the home of this plaintiff has been broken up, and he has been deprived of the comfort, society, aid, and affections of his wife and children, and suffered great mental distress in body and mind to his damage in the sum of $10,000, which amount he alleges he has been damaged.

"For a Second Cause of Action, Plaintiff Alleges:

"I.  That at Dawson county, Mont., on or about the 28th day of April, 1918, the above-named defendants, then and now residents of the state of Montana, for the purpose of injuring the good name and reputation of this plaintiff, caused to be spoken, uttered, and published to the community at large

and to divers persons, in the vicinity of where this plaintiff and defendant resided and do now reside, certain false and untrue statements relative to the chastity of one Gena Munson, who at that time was the wife of this plaintiff, stating that the plaintiff had stated to them that the said Gena Munson, meaning the wife of this plaintiff, was a 'whore' and other foul and indecent names, that they stated had been uttered by this plaintiff against his wife and her chastity, well knowing that such statements were untrue in all respects, and made without foundation, and made maliciously and without just cause or reason therefor, and knowing that the same had never been uttered by this plaintiff, and made for the purpose of injuring this plaintiff's good name and reputation in the community where he resides, and that by reason thereof he has been damaged in the sum of $5,000, which amount plaintiff alleges due him from defendant herein.

"Wherefore plaintiff prays judgment against the defendants and each of them as follows.:

"I. For the sum of $10,000 as set forth in his first cause of action.

"II. For the sum of $5,000 as set forth in his second cause of action.

"III. For his costs hereof."

The only specification is that neither cause of action states facts sufficient to constitute a cause of action.

The pleading is not a model one, and there are several points which might have been urged against it if an appearance had been made in the district court. We are, however, limited in our examination to the one point as to each cause of action.

The rule in cases where the sufficiency of the complaint is [1] raised for the first time in this court on appeal is stated in *Ellinghouse* v. *Ajax Live Stock Co.*, 51 Mont. 275, L. R. A. 1916D, 836, 152 Pac. 481:

"The objection is regarded with disfavor, and every reasonable deduction will be drawn from the facts stated in order to uphold the pleading. So, also, will the pleading be held sufficient if the defect made the basis of the objection is not a

matter going to the root of the cause of action, but is such as might have been remedied by an amendment.''

The first cause of action is for alienation of the affections [2] of plaintiff's wife. In such an action ''the complaint should set forth the marriage relation, and the loss by the plaintiff of the person, affection, society and aid of his or her wife or husband, and that the same was accomplished by the intentional, wrongful or malicious conduct of the defendant.'' (1 Standard Ency. Proc. 776.) We are of the opinion that, reasonably construed, the first cause of action states all of those ultimate facts.

It is appellants' apparent contention that, if the divorce [3] which it is alleged was obtained was actually obtained on grounds which existed independently of the statements which defendants caused to be conveyed to the wife, then there is no cause of action stated. Such is not the law. It may be a defense to such an action that the plaintiff himself caused the alienation or that the affections were voluntarily withdrawn by plaintiff's spouse. However, even though there had been an estrangement, so long as they remained husband and wife, a plaintiff has the right to rely upon the possibility of reconciliation, and anyone who intermeddles, and thus prevents a reconciliation, must suffer for the consequences. (See *Moelleur v. Moelleur*, 55 Mont. 30, 173 Pac. 419.) We are constrained to hold that as against the attack made the complaint is sufficient as to the first cause of action.

As to the second cause of action, however, a different situa- [4] tion obtains. That cause of action is for slander, and the only reasonable construction of that statement is that defendants published the statement that plaintiff was himself making slanderous statements of and concerning his wife. Such statements, at worst, would not be actionable *per se*. They do not charge plaintiff with crime or having been charged with crime or punished for crime. They do not impute in him presence of disease as contemplated by statute. They do not impute to him impotence or want of chastity. And there is no allegation of special damage such as is required where the

false statement is not actionable *per se*. The statement of this cause of action is fatally defective.

We recommend that the cause be remanded to the district court of Dawson county, with directions to modify the judgment by reducing the amount allowed to $10,000.

PER CURIAM: For the reasons given in the foregoing opinion, the cause is remanded to the district court of Dawson county, with directions to modify the judgment by reducing the amount allowed to $10,000.

*Judgment modified.*