H. EARL CLACK CO., Respondent, *v.* OLTESVIG et al., Appellants.

(No. 7,636.)

(Submitted February 11, 1937.   Decided March 12, 1937.)

[68 Pac. (2d) 586.]

256

*Mr. Jess L. Angstman,* and *Messrs. Freeman, Thelen & Freeman,* for Appellants, submitted a brief; *Mr. Angstman* argued the cause orally.

*Mr. Max P. Kuhr,* for Respondent, submitted a brief and argued the cause orally.

HONORABLE RALPH L. ARNOLD, District Judge, sitting in place of MR. CHIEF JUSTICE SANDS, disqualified, delivered the opinion of the court.

The plaintiff recovered a judgment against the defendants in a foreclosure action on lands located in Hill county. The defendants set up an affirmative defense that the note and mortgage upon which the action was based arose out of a wagering transaction involving dealings in the grain market at Minneapolis.

The respondent filed a motion in this court to strike the bill of exceptions from the transcript on appeal for the reason that the trial court did not settle the bill within the time allowed by law and the additional period of sixty days granted. The record shows that the bill of exceptions was served and filed four days after the expiration of the additional time granted by the trial court. The motion to strike was well founded in view of the ruling of this court in the case of *O'Donnell* v. *City of Butte,* 72 Mont. 449, 235 Pac. 707. However, because the judgment must be affirmed upon the merits, we need devote no more attention to the motion.

The findings of fact of the trial court were to the effect that the defendant Theodore Oltesvig bought and sold December and May wheat upon the Minneapolis Chamber of Commerce and deposited with the plaintiff various sums, totaling $11,000, to be applied by the plaintiff, on behalf of the defendant, as

margins in such sales; and that there was no mutual agreement or understanding by and between the parties to such purchase and sale of wheat for future delivery that there should be no delivery of such wheat or that settlement of such transactions should be made solely upon the basis of the difference in prices on the day of purchase and on the day of sale. The court further found that if it was the intention of the defendant merely to speculate in wheat and make settlement for his gains or losses based upon the difference in the price of wheat upon the dates of the several transactions, such intention was not communicated to the other party. Other findings were to the effect that the defendants executed and delivered the mortgage upon which the action is based. Upon these findings the court, as conclusions of law, decided that the plaintiff was entitled to a decree of foreclosure.

The defendants' specifications of error are in the main directed against the findings of fact made by the trial court, on the ground that they were not supported by the evidence.

It is well settled by the decisions of this court that the findings of the trial court in equity cases will never be reversed except where the evidence clearly preponderates against them. (*Bosanatz* v. *Ostronich,* 57 Mont. 197, 187 Pac. 1009.)

The evidence, as shown by the transcript, clearly preponderates in favor of the findings of the trial court. The initial transaction of the defendant Theodore Oltesvig with the plaintiff was had in July, 1927. Out of this transaction the defendant realized a profit of about $2,000, the plaintiff nothing. Defendant further testified that he resumed such transactions in 1929 while he was at Camas Hot Springs, from where he advised his banker to take $3,000 to the plaintiff and have it purchase wheat. A little later defendant again directed the plaintiff to make further purchases. This constituted his method of doing business with the plaintiff; each order executed by the plaintiff was done at the instance of the defendant. The plaintiff made no profit whatever out of the transactions other than interest stipulated in the note executed by the defendant, for advances made or to be made by the plaintiff on account of the

defendant. The defendant himself testified that in all of these transactions he merely intended to speculate on the market and never intended to take delivery of wheat. His testimony to this effect· was composed chiefly of monosyllabic affirmations of leading questions put to him by his counsel.

The manager of plaintiff's grain department, who handled the transactions, testified that the defendant represented to him that he had considerable resources and was able to take care of any trades that he might order, and further that he did not advise the defendant when to buy. Other testimony indicates that the defendant was constantly making efforts to raise more money and actually did raise some by borrowing on property in Iowa. There is nothing in the evidence to indicate that plaintiff did anything except to lend its money, credit and facilities to defendant in executing orders for wheat upon the Minneapolis Chamber of Commerce.

The law in this jurisdiction is similar to that in others regarding dealing in futures, and is found in the following Montana cases: *Whorley* v. *Patton-Kjose Co., Inc.,* 90 Mont. 461, 5 Pac. (2d) 210, and *Benson-Stabeck Co.* v. *Reservation Farmers' Grain Co.,* 62 Mont. 254, 205 Pac. 651. In the latter case this court used the following language: "In order to invalidate a contract as a wagering one, *both parties* must intend that, instead of delivery of the article, there shall be a mere payment of the difference between the contract price and the market price; that is, a settlement of the differences. * * * The general rule of law is that contracts for the purchase and sale of grain and so forth, to be delivered in the future, are presumed to be lawful and valid, and that they will be carried out by actual delivery of the property involved, or that they will be settled in some of the ways sanctioned by law. * * * The burden is upon the party assailing such a transaction on the grounds that it is a wagering contract to show an intention by both parties to settle by a payment of the market differences." The trial court found that no such intent or agreement on the part of both parties existed. There was abundant evidence at the trial of

this action, as disclosed by the transcript, to support the court's findings.

The judgment is affirmed.

ASSOCIATE JUSTICES STEWART and ANDERSON, HONORABLE GEORGE W. PADBURY, District Judge, sitting in place of MR. JUSTICE MORRIS, disqualified, and HONORABLE BEN. HARWOOD, District Judge, sitting in place of MR. JUSTICE ANGSTMAN, disqualified, concur.