VICAIN, Appellant, *v.* CITY OF MISSOULA et al., Respondents.

(No. 7,797.)

(Submitted June 2, 1938.   Decided June 11, 1938.)

[81 Pac. (2d) 350.]

*Mr. H. R. Boden,* for Appellant, submitted a brief, and argued the cause orally.

*Mr. Fred W. Schilling* and *Mr. E. C. Mulroney,* for Respondents, submitted a brief; *Mr. Mulroney* argued the cause orally.

MR. JUSTICE MORRIS delivered the opinion of the court.

The judgment appealed from herein was filed with the clerk of the district court February 19, 1937, and notice of entry of the same was served upon counsel for plaintiff the same date; additional time in which to prepare, serve and file the bill of exceptions was applied for and granted some nine different times, which, with the time allowed by statute, gave the plaintiff from February 19, 1937, to January 10, 1938, in which to submit his proposed bill. Counsel for defendants acknowledged service of the proposed bill December 6, 1937, and on December 29 served and filed their objections to the bill. On January 4, 1938, the judge *pro tempore* who heard the case overruled defendants' objection to the settlement of the same and such bill of exceptions was settled, signed and filed with the clerk January 8, 1938.

March 30, 1938, counsel for defendants filed in this court a motion to dismiss the appeal upon the ground that when the notice of appeal was filed August 12, 1937, and the undertaking on appeal required by statute was filed August 14, 1937, thereafter the trial court had no further jurisdiction of the action and no further power or authority in respect thereto, either as to the settlement of plaintiff's proposed bill of exceptions or

otherwise. This motion was overruled. On the same date such motion was filed here a further motion was filed by defendants to strike from the transcript the bill of exceptions. The motion was supported by authorities, and was predicated upon the contention that plaintiff's requests for further time in four instances were made after the time theretofore allowed had expired, and therefore the trial court was without jurisdiction to allow such requests. The record confirms defendants' contention in the premises. This motion was granted and the bill of exceptions was ordered stricken as prayed for.

Thereafter plaintiff filed a request in the nature of a petition for reconsideration of the order directing the bill to be stricken. No action was taken on such request, but counsel was advised that arguments might be made thereon at the time of the hearing of the case as a whole. The case came on for hearing in this court June 2, 1938; arguments were made, briefs were submitted and the matter has been fully considered by the court.

Section 9390, Revised Codes, in so far as pertinent here, provides: "The party appealing from a final judgment, if he desires to present on appeal the proceedings had at the trial, must, within fifteen days after the entry of judgment if the action was tried with a jury, or after receiving notice of the entry of judgment if the action was tried without a jury, or within such further time as the court or judge thereof may allow, not to exceed sixty days, except upon affidavit showing the necessity for further time, prepare and file with the clerk of the court and serve upon the adverse party a bill of exceptions, containing all of the proceedings had at the trial upon which he relies, in which bill the evidence shall, unless otherwise prescribed by a rule of the supreme court, be stated in narrative form * * * ."

The provisions of the statute are clear and specific, and mandatory in form. When one desires time for filing the bill of exceptions in addition to the fifteen days allowed in all cases and the sixty days allowed for the asking, he must present his request supported by affidavit before the discretion of the court may be invoked. If the request be not made within the time provided by statute, the trial court loses jurisdiction.

The question is considered at length in *O'Donnell* v. *City of Butte*, 72 Mont. 449, 235 Pac. 707. The decision in that case is supported by many authorities, and in our opinion leaves no ground for a different conclusion. (See, also, *H. Earl Clack Co.* v. *Oltesvig*, 104 Mont. 255, 68 Pac. (2d) 586.) We think it would needlessly encumber the reports to recount authorities in support of the rule when there is no reasonable ground for any different construction of the statute. It is the clear intention of the statute to prevent delay in bringing actions to a hearing by requiring diligence in application for extension of time and authorizing such extension only when reasonable grounds are shown therefor. Striking the bill of exceptions from the transcript confines our consideration of the appeal to the judgment roll.

Six alleged errors are assigned; three are removed from consideration by striking the bill of exceptions. Of the three remaining, number 1A is on the court's denial of plaintiff's motion "for judgment on the pleadings." This assignment does not fully set forth the facts. The motion is for judgment on the pleadings as to the defendant City of Missoula, and asked for such judgment as to that defendant only. The motion was denied, but, even if granted, it would not have materially affected the two other defendants, nor the determination of the action.

The motion was predicated upon the contention that the separate "answer does not contain any substance of defense." This contention is advanced upon the ground that the answer alleged lack of information as to certain of plaintiff's allegations which plaintiff obviously believes was merely an evasive allegation, contending that such defendants had the means of obtaining the information by which a specific answer could have been made. We think the assignment is without merit. The answer concluded with a general denial of the complaint which we think was sufficient.

The next assignment is on the court's denial of plaintiff's motion to strike certain portions of the answer of defendants "Haines and Western States." The motion designates the

part desired stricken as "all that part beginning with line 16 on page 2 thereof to and including line 27 on page 4 thereof." It is impossible to determine with exactness just what part of the answer is covered by the motion, as we have before us merely the answer as it appears in the record from which it cannot be presumed that it conforms in pages and lines with the pleading itself; but the part intended is obviously the allegations relative to the city of Missoula being a commercial center, the locality of the warehouse premises the use of which constitutes the alleged nuisance, the city ordinance dividing the city into residential, commercial and industrial districts and alleging the inclusion of the property involved in the industrial district. The court denied the motion to strike. If the motion had been granted, and the part of the answer designated had been stricken, the answer would still have been a sufficient denial to have raised the issue upon which the judgment of the court is predicated, and denial of the motion was not error, but would have been harmless if it were.

The next assignment of error is on the court's disallowing plaintiff's exceptions to defective and insufficient findings. Plaintiff grounds this assignment on an extended review of the evidence, and as such evidence is incorporated in the stricken bill of exceptions, such assignment cannot be considered.

This court consistently follows the practice of sweeping aside technicalities and deciding litigation that comes here for review on the merits, but requiring litigants to observe the mandatory provisions of the statutes is in no sense technical. We will state further that a review of the record as a whole impels the conclusion that the decision of the trial court is supported by a preponderance of the evidence.

The judgment is affirmed.

Associate Justices Stewart, Anderson and Angstman concur.

Mr. Chief Justice Sands, absent on account of illness, did not hear the argument and takes no part in the above decision.

Rehearing denied July 21, 1938.