KOGER, ET UX., RESPONDENTS, *v.* HALVERSON, ET UX., APPELLANTS. (TWO CASES)

Nos. 9071, 9072.
Submitted October 30, 1951. Decided March 19, 1952.
Rehearing denied April 11, 1952.
242 Pac. (2d) 273.

Messrs. Smith, Boone & Rimel, Missoula, for appellant.

Mr. Lloyd I. Wallace, and Mr. F. N. Hamman, both of Polson, for respondent.

Mr. Hamman and Mr. Russell E. Smith argued orally.

PER CURIAM.

From a single judgment entered in the district court of Lake county in two separate cases, the defendants George H. Halverson and Rose H. Halverson, his wife, have taken two appeals by serving and filing in the district court in each case a separate notice of appeal.

The transcript on appeal filed in this court comprises 54 typewritten pages setting forth a certified copy of the judgment roll and a notice of appeal in each case.

The transcript contains none of the evidence introduced at the trial,—nor any of the instructions given to the jury, and no bill of exceptions, nor does it show that any bill of exceptions was either prepared, settled or allowed in either case. The only facts available to this court are such as may be gleaned from a combing of the pleadings for averments made by one set of litigants which are admitted in the pleadings of their adversaries.

The case first commenced in the district court was an action in tort by Earl Koger and Helen Koger, his wife, plaintiffs, against Halverson and his wife, defendants, to recover damages for the alleged wrongful conversion of certain cattle whereof plaintiffs claim to be the owners and entitled to the possession of an undivided one-half interest.

The second case was an action brought by the Kogers as plaintiffs against the Halversons as defendants to recover damages for the alleged breach by defendants of the terms of a written agreement and lease.

The defendants filed in each case a lengthy "Answer and Cross Complaint" in four parts, wherein are set forth: (1) An answer; (2) a "Separate and First Affirmative Defense"; (3) a "Separate and Second Affirmative Defense and Counterclaim" and (4) a "Separate and Third Affirmative Defense and Cross Complaint."

Defendants' counterclaims in each case are identical as are the cross-complaint wherein they charge plaintiffs with unlawful detainer of the leased premises consisting of a ranch comprising approximately 1,400 acres.

The judgment recites: That pursuant to an agreement in open court between the parties and their counsel, the two cases were consolidated for trial in the district court and there tried together by one jury; that during the trial it appeared that the ownership and right to possession of certain hay on the leased premises was in controversy, although not presented or raised by the pleadings and that following a discussion in the presence of the jury in open court between counsel for the respective parties it was there agreed that all issues between the plaintiffs and the defendants including the matter of the ownership of the hay and all matters arising out of the written agreement and lease should be submitted to and decided by the jury so as to obviate the necessity for another law suit involving substantially the same testimony and that "the jury was instructed orally in open court that all issues involved between the parties plaintiff and defendants, arising out of said contract of lease—rights to the livestock, rights to the hay, right of possession of the premises and damages were submitted to the jury."

The judgment further recites that "witnesses were duly sworn and testified for and on behalf of the plaintiff and for and on behalf of the defendants and cross examined by respective counsel * * * and thereafter the jury returned a special verdict" and that pursuant thereto the court adjudged: (1) That defendants have judgment against the plaintiffs in the amount of $2,476.21; (2) that the plaintiffs have judgment against the defendants in the amount of $3,333.35; (3) that the defendants are entitled to the immediate possession of the described real estate comprising the ranch, subject to the rights of plaintiffs to remove therefrom the hay other than 65 tons of chopped hay which is to be left on the ranch; (4) that all hay other than said 65 tons of chopped hay is the property of the plaintiffs who are granted a reasonable time within which to take and remove same; (5) that the defendants are not entitled to have the damages awarded them by the jury for the plain-

tiffs' unlawful detainer of said ranch lands trebled and (6) that each of the parties shall pay their own costs.

These appeals are in actions at law. On appeal in such action this court entertains and indulges the presumption that the trial court's determination and judgment are correct, the burden being cast upon the appellants to affirmatively show reversible error by the record filed by them on their appeals. Herberson v. Great Falls Wood & Coal Co., 83 Mont. 527, 533, 273 Pac. 294; Downs v. Nihill, 87 Mont. 145, 148, 286 Pac. 410; State ex rel. Wentworth v. Baker, 101 Mont. 226, 229, 53 Pac. (2d) 440; Dalbey v. Equitable Life Assur. Soc. of U. S., 105 Mont. 587, 598, 74 Pac. (2d) 432; Koppang v. Sevier, 106 Mont. 79, 97, 75 Pac. (2d) 790. Error or prejudice will not be presumed. Valier-Montana Land & Water Co. v. Ries, 109 Mont. 508, 520, 97 Pac. (2d) 584; Lindeberg v. Howe, 67 Mont. 195, 199, 215 Pac. 230. See R. C. M. 1947, sec. 93-3909, and Sherburne Mercantile Co. v. Bonds, 115 Mont. 464, 145 Pac. (2d) 827.

In the absence from the record of the evidence this court is precluded from inquiring whether such evidence if presented would sustain the trial court's determination and judgment. We are wholly unable to say from the scanty and skeleton record before us that the trial court committed reversible error in the judgment rendered. Accordingly the judgment is affirmed.