HUTCHINSON, ET AL., APPELLANTS, *v.* BURTON, ET AL., RESPONDENTS.

No. 9117.

Submitted April 25, 1952. Decided August 13, 1952.

Amended on Denial of Rehearing September 20, 1952.

247 Pac. (2d) 987.

Mr. Michael J. O'Connell, Mr. Joseph B. Gary, Bozeman, Mr. Ralph J. Anderson, Helena, for appellants.

Mr. H. A. Bolinger, Jr., Mr. George W. Horkan, Bozeman, for respondents.

Mr. Anderson and Mr. Horkan argued orally.

MR. CHIEF JUSTICE ADAIR:

On May 31, 1949, R. E. Davis and his daughter Lola E. Hutchinson, lessors, executed a written lease whereby they leased to Donald E. Burton and James Scollard, Jr., lessees, 1,600 acres of land and other property in Gallatin county, Montana, for the period from May 31, 1949, to January 1, 1952, and agreed to furnish lessees a shop as well as living quarters for the family of each. The shop was on the ground floor and the living quarters on the second floor of a two-story brick building in the town of Willow Creek. The lease here involved was before this court in appeal No. 9113, entitled Davis v. Burton, and reported in 126 Mont. 137, 246 Pac. (2d) 236.

On August 1, 1949, the lessees entered into the possession of the aforesaid living quarters and shop. The shop as designated by the lessors consisted of the south thirty-nine feet of the ground floor of the aforesaid brick building.

In November 1949, without the knowledge or consent of the lessees and during their temporary absence, the lessors constructed a partition which divided the shop into two rooms. Thereupon the lessors claimed the right to occupy and use the space on one side of the partition which they had so constructed as and for a double garage. Upon their return the lessees promptly discovered the alterations so made in the shop and the claims so advanced by the lessors whereupon the lessees removed a part of the partition so that they again had access to and could use the entire thirty-nine feet of space as a shop which they thereafter kept under lock and key thus excluding the lessors therefrom.

*Complaint.* On November 30, 1950, the lessors as plaintiffs brought this suit against the lessees as defendants. In their

complaint as amended the plaintiffs alleged that on or about May 1, 1950, at a time when they were entitled to and in the actual, peaceable and quiet possession of that certain garage space the aforesaid two-story brick building in Willow Creek, the defendants, during the absence of the plaintiffs, with violence and by force, cut a door in the south inside wall of said garage through which defendants entered into said garage and with force and violence expelled therefrom the property of the plaintiffs and thereafter locked the door, prohibiting plaintiffs from entering or using such garage and that ever since defendants have illegally, forcibly and unlawfully detained possession of said garage from plaintiffs.

In their complaint, as amended, plaintiffs seek judgment: (1) For restitution of the claimed garage space; (2) for the sum of $900 as treble the amount of actual damages claimed by plaintiffs; (3) for three times the reasonable monthly rents and profits of the garage space so claimed and (4) for the sum of $500 as exemplary damages. Also by affidavit filed at the time of the commencement of the action plaintiffs sought an injunction restraining defendants from interfering with plaintiffs' use of the claimed garage space pending the final determination of the cause.

*Answer.* To such complaint the defendants filed a joint answer and cross-complaint. By appropriate denials the answer first placed in issue each allegation of plaintiffs' complaint. As a separate, further and first affirmative defense the defendants alleged that by the terms of the written lease so entered into on May 31, 1949, a copy whereof was attached to and made a part of the answers, plaintiffs leased, demised and let to defendants for the period from May 31, 1949, to January 1, 1952, certain farm lands therein described and agreed to furnish living quarters for each of the defendants and their families and a shop for the use of defendants during the term of said lease, said living quarters and shop being in the two-story brick building referred to in plaintiffs' complaint; that pursuant to the provisions of such lease defendants, on or about August 1,

1949, entered into possession of the south thirty-nine feet on the ground floor of said brick building such space being designated by the plaintiff R. E. Davis as the shop which plaintiffs had so agreed to furnish to defendants and being the identical space referred to in plaintiffs' complaint as shop and garage space; that at all times since August 1, 1949, defendants have been and until January 1, 1952, will continue to be entitled to the possession of said south thirty-nine feet of the ground floor space of said two-story brick building and "that defendants now are, and since the 1st day of August, 1949, have been in the actual, peaceable and quiet possession of said south thirty-nine (39) feet of ground floor space of said two story brick building."

*Cross-complaint.* In their cross-complaint defendants alleged that on or about November 13, 1949, at a time when defendants were entitled to the possession of the property so leased and while defendants were in the actual peaceable and quiet possession thereof, plaintiffs with force and violence did, during the absence of defendants therefrom, wilfully, maliciously, oppressively and with intent to deprive defendants of a portion of said shop so leased by them, erect a partition dividing the leased shop into two separate rooms and that at said time the plaintiffs shut off the heat and power to a portion of said shop to the damage of the defendants and cross-complainants in the sum of $500, by reason whereof the defendants and cross-complainants sought judgment against the plaintiffs and cross-defendants in the amount of $500 as compensatory damages and $5,000 as exemplary damages.

*Reply.* The judgment roll shows no challenge or objection by the plaintiffs, either by demurrer, motion or otherwise, to the propriety, form, substance or sufficiency of the defendants' answer, affirmative defense or cross-complaint, but shows that plaintiffs joined issue by filing a reply wherein they admitted certain allegations of the affirmative defense and of the cross-complaint, including the making of the above mentioned written lease, and denied the averments not so specifically admitted.

Compare Gleason v. Missouri River Power Co., 42 Mont. 238, 248, 254, 112 Pac. 394; Molt v. Northern Pac. Ry. Co., 44 Mont. 471, 483, 120 Pac. 809.

*Verdict.* The issues thus presented by the aforesaid pleadings were tried by a jury which returned a verdict finding the issues in favor of the defendants and against the plaintiffs on the latters' complaint; finding the issues in favor of defendants and cross-complainants and against plaintiffs on defendants' cross-complaint; finding and assessing defendants' actual damages in the sum of $250 and awarding to the defendants and cross-complainants exemplary damages in the sum of $3,000.

*Judgment.* On March 27, 1951, judgment in conformity to the verdict was duly filed and entered and on the following day, March 28, 1951, notice of the entry of such judgment was duly served upon plaintiffs' attorneys of record who in writing, that day acknowledged the receipt of a copy each of said notice and the judgment referred to therein.

The plaintiff R. E. Davis is a layman as is his daughter and co-plaintiff Lola E. Hutchinson. They had competent counsel to represent them in the bringing, prosecution and trial of this action. Plaintiffs were in attendance at the trial and each testified thereat, the direct examination of the plaintiff Davis being conducted by Michael J. O'Connell, Esq., of counsel for plaintiffs, while that of the plaintiff Lola E. Hutchinson was conducted by Joseph B. Gary, Esq., also of counsel for plaintiffs at the trial.

*R. E. Davis Takes Over.* In an affidavit filed June 12, 1951, in the trial court in this cause the plaintiff Lola E. Hutchinson, swore "that subsequent to the rendition of verdict and entry of judgment in the above entitled action she left the control and management of the future conduct of this case to her co-plaintiff and father."

*No Motion for New Trial.* There was neither notice of intention to move for a new trial nor was there any motion for a new trial made in this cause for the simple reason that the plaintiff R. E. Davis informed his trial lawyers that he "didn't

desire a new trial.'' In their joint affidavit filed June 12, 1951, plaintiffs' trial counsel swore that ''on the 27th day of March 1951, judgment was entered * * * in favor of defendants and against the plaintiffs in conformity with said verdict; that at said time the plaintiff R. E. Davis stated to these affiants that he didn't desire a new trial.''

*Bill of Exceptions.* On March 27, 1951, the day whereon judgment was entered plaintiffs' two trial lawyers advised the plaintiff Davis that in their opinion ''the evidence didn't sustain the verdict.'' Under the law of this jurisdiction to enable this court on appeal to review the proceedings had at the trial including the question of whether the evidence sustains the verdict the party appealing *must* within the time expressly prescribed by statute, prepare, serve and file a bill of exceptions containing such proceedings.

R. C. M. 1947, sec. 93-5505, provides that ''the party appealing from a final judgment, if he desires to present on appeal the proceedings had at the trial, *must, within fifteen days after the entry of judgment* if the action was tried with a jury * * * or within such further time as the court or judge thereof may allow, *not to exceed sixty days,* except upon affidavit showing the necessity for further time, prepare and file with the clerk of the court and serve upon the adverse party a bill of exceptions, containing all of the proceedings had at the trial upon which he relies * * *.'' (Emphasis supplied.)

The statute says *''must.''* Its provisions are clear, specific and mandatory. Vicain v. City of Missoula, 107 Mont. 105, 107, 81 Pac. (2d) 350.

A trial judge is not required or authorized to settle a bill of exceptions which is served, filed or presented for settlement after the time prescribed. Burns v. Napton, 26 Mont. 360, 68 Pac. 17; Wright v. Mathews, 28 Mont. 442, 72 Pac. 820; Canning v. Fred, 48 Mont. 560, 139 Pac. 448; O'Donnell v. City of Butte, 72 Mont. 449, 235 Pac. 707; State v. Vallie, 82 Mont. 456, 459, 462, 268 Pac. 493; Kemp v. Murphy, 125 Mont. 234, 233 Pac. (2d) 824.

*Trial Lawyers Dropped and Other Counsel Sought.* When the jury's verdict went against him the plaintiff Davis dropped the two attorneys who had represented plaintiffs throughout the trial and commenced shopping for other and different counsel to handle the case on appeal. The joint affidavit of plaintiffs' trial counsel recites that upon the entry of the judgment on March 27, 1951, "the plaintiff R. E. Davis then advised his trial attorneys, these affiants, that he desired to obtain other counsel to perfect an appeal to the supreme court of the state of Montana; that plaintiff Davis then contacted various lawyers in Bozeman, Montana, and had interviews with them concerning the appeal of this case."

In his own affidavit filed June 12, 1951, in the trial court the plaintiff R. E. Davis states "that following the rendition of the verdict and judgment * * * he informed his counsel, Michael J. O'Connell and Joseph B. Gary, that he proposed to appeal the above entitled action * * * that he intended to consult other lawyers relative to an appeal to the supreme court of the state of Montana; that he consulted other lawyers * * * and that he was first informed of the necessity of securing such extension on or about the 28th day of May, 1951, when he consulted Ralph J. Anderson, an attorney at law in Helena, Montana, and that he didn't know whether such extension of time had been granted or whether a bill of exceptions had been prepared and served; that he is not a lawyer and is unlearned and unskilled in the legal requirements of perfecting an appeal to the supreme court of the state of Montana in order to secure a proper review of the above entitled action."

Because of his admitted ignorance of the law the plaintiff Davis took unto himself quite a chore when, upon the entry of the judgment and with the consent of his co-plaintiff and daughter, he assumed "the control and management of the future conduct of this case" and thereupon not only declined to permit his trial attorneys to seek a new trial or do that which such counsel knew had to be done and done within the time prescribed by law to enable this court on appeal to review the

proceedings had thereat, but he released and summarily dismissed his trial attorneys with the statement "that he intended to consult other lawyers relative to an appeal."

As a result of the management of the case by the plaintiff ▉ Davis following the entry of the judgment therein and of his failure and refusal to give his trial lawyers the green light to go ahead or to authorize any other attorney to do that which every lawyer in this jurisdiction knows must be done and timely done to comply with the requirements of R. C. M. 1947, sec. 93-5505, governing the preparation, service, and filing of bills of exceptions and the obtaining of extensions of time therefor, there was a complete failure on the part of plaintiffs to comply with any of the provisions of such statute. Failing to comply with the requirements of the foregoing statute plaintiffs then sought to proceed under the provisions of sec. 93-3905. However their only excuse is that they were ignorant of the law and ignorance of the law by a party litigant or the mistake, unskillfulness or negligence of his counsel in getting out a bill of exceptions is not sufficient to entitle the litigant to relief under the provisions of section 93-3905, when construed with the provisions of sections 93-5505 and 93-8708. Donlan v. Thompson Falls Copper & Milling Co., 42 Mont. 257, 266, 112 Pac. 445; Canning v. Fried, 48 Mont. 560, 139 Pac. 448; Kirk v. Smith, 49 Mont. 196, 141 Pac. 149; Federal Land Bank v. Gallatin County, 84 Mont. 98, 111, 274 Pac. 288 and cases there cited on pages 111 and 112. See also 49 C. J. S., Judgments, sec. 368, page 727 and cases cited; 4 C. J. S., Appeal and Error, sec. 869, page 1374 and cases cited in notes 15 and 16.

*Trial Attorneys Rehired.* In their joint affidavit plaintiffs' trial attorneys state "that *subsequent to the expiration of fifteen days which the law grants* to a party to an action as a matter of right within which to prepare, serve and file a proposed bill of exceptions the plaintiffs herein retained affiants to appeal the above entitled action to the Montana Supreme Court * * *. That these affiants inasmuch as they were advised by plaintiff Davis that he would retain other counsel to perfect

the appeal they believed and relied upon the fact that such counsel when so retained would take the proper steps to obtain an extension of time within which to file a bill of exceptions and therefore they made no application to the court to secure such extension of time; that the plaintiff R. E. Davis, to the knowledge of these affiants, was never advised by any of the lawyers consulted by the plaintiff * * * of the necessity of obtaining an extension of time within which to file and serve a proposed bill of exceptions until plaintiffs retained these affiants at which time the fifteen days period for so preparing, serving and filing a proposed bill of exceptions had already elapsed.''

On June 12, 1951, being 77 days after the entry of the final judgment and beyond the maximum time allowed by the provisions of section 93-5505, supra, wherein an extension of time may be granted except upon an affidavit showing the necessity for further time, plaintiffs' trial attorneys made, served and filed in the trial court an instrument in writing which reads: ''Comes now the plaintiffs and move the Court to make an order relieving the plaintiffs from their failure to secure an extension of time within which to prepare, serve and file a proposed bill of exceptions and granting them time sufficient to prepare, serve and file a proposed bill of exceptions in the above entitled matter. This motion will be based upon the affidavits of Michael J. O'Connell, Joseph B. Gray, R. E. Davis, Lola E. Hutchinson and Ralph J. Anderson, copies of which are served herewith and the originals of which are filed herewith.'' The affidavits from which we have heretofore quoted are those mentioned in the foregoing instrument and upon which it was based.

In their joint affidavit in support of the above motion plaintiffs' trial attorneys urge that the provisions of R. C. M. 1947, sec. 93-3905 authorize the trial court on the showing made in the above mentioned affidavits to make an order relieving the plaintiffs from their non-action and utter failure to comply with the mandatory provisions of section 93-5505, and to empower the trial court to grant plaintiffs a further extension

within which to serve and file a proposed bill of exceptions. We do not so read the law nor do we so interpret the provisions of section 93-3905, supra.

On July 12, 1951, the trial court made an order assuming to grant plaintiffs until August 20, 1951, being 145 days after the entry of the judgment, in which to prepare, serve and file their proposed bill of exceptions herein.

On July 21, 1951, being 125 days after the entry of the judgment, plaintiffs served upon defendants' counsel a proposed bill of exceptions and on that day, defendants' counsel in writing, acknowledged service of a copy thereof but, by endorsement in writing thereon, expressly reserved all objections to the service and filing at such late date.

On August 3, 1951, the trial judge, over defendants' objections, assumed to settle and order filed plaintiffs' printed bill of exceptions.

From the judgment entered against them on March 27, 1951, plaintiffs have appealed to this court, incorporating in their transcript on appeal their aforesaid bill of exceptions.

The right to appeal in any case is not an absolute one for appeals are only allowed "under such regulations as may be prescribed by law." Constitution of Montana, art. VIII, sec. 15; State ex rel. Cohn v. District Court, 38 Mont. 119, 127, 99 Pac. 139. "While the Constitution secures to a litigant the right of appeal, it does so only on condition that he complies with 'such regulations as may be prescribed by law.'" Jackway v. Hymer, 42 Mont. 168, 169, 111 Pac. 720. Likewise the right to have a bill of exceptions signed, settled and allowed is not an absolute right for a litigant is entitled thereto only upon compliance with the regulations prescribed by law.

The defendants made timely motion in this court to strike the bill of exceptions from the transcript on the ground it was not served within the time allowed by law.

In Vicain v. City of Missoula, 107 Mont. 105, 107, 108, 81 Pac. (2d) 350, 352, this court, after quoting the pertinent pro-

visions of section 9390, R. C. M. 1935, now R. C. M. 1947, sec. 93-5505, said: ''The provisions of the statute are clear and specific, and mandatory in form. When one desires time for filing the bill of exceptions in addition to the fifteen days allowed in all cases and the sixty days allowed for the asking, he must present his request supported by affidavit before the discretion of the court may be invoked. *If the request be not made within the time provided by statute, the trial court loses jurisdiction.*

''The question is considered at length in O'Donnell v. City of Butte, 72 Mont. 449, 235 Pac. 707. The decision in that case is supported by many authorities, and in our opinion leaves no ground for a different conclusion. See, also, H. Earl Clack Co. v. Oltesvig, 104 Mont. 255, 68 Pac. (2d) 586. We think it would needlessly encumber the reports to recount authorities in support of the rule when there is no reasonable ground for any different construction of the statute. It is the clear intention of the statute to prevent delay in bringing actions to a hearing by requiring diligence in application for extension of time and authorizing such extension only when reasonable grounds are shown therefor.'' (Emphasis supplied.)

In Kemp v. Murphy, 125 Mont. 234, 233 Pac. (2d) 824, 825, this court in construing R. C. M. 1947, sec. 93-5505, cited and quoted with approval from O'Donnell v. City of Butte, 72 Mont. 449, at page 455, 235 Pac. 707, at page 709, as follows: ''Our statute (section 9390, Rev. Codes 1921) prescribes the time for the presentation of a bill of exceptions to the trial court for settlement, the steps to be taken in securing additional time, and the settlement and filing of the bill. *On the expiration of the time allowed by statute (whether original or extended) the court loses jurisdiction to settle or sign the bill.* [Citing cases.] Inasmuch as *at that time the court is without jurisdiction over either the parties or the subject-matter of the action, a bill of exceptions, presented, settled, and signed after the expiration of the time prescribed in the statute for such action, is a nullity, and cannot be considered on an appeal,* even when the objection is

not urged, and even though counsel should, by consent or written stipulation filed in the appellate court, agree that it shall be considered. [Citing cases.]

''* * * with this *jurisdictional defect* in the bill staring us in the face, it was our duty to take notice thereof, and *ex mero motu* to declare the purported bill of exceptions a nullity, thus disposing of the appeal as we did in the original opinion.'' (Emphasis supplied.)

In Wolz v. Wolz, 110 Mont. 458, 460, 102 Pac. (2d) 22, 23, this court said: ''It appears that on May 22, 1939, the defendant was notified that his motion for a new trial had been denied. Not until July 10, 1939, did he apply for and receive sixty days in addition to the time allowed by law to prepare, serve and file a bill of exceptions, as provided in section 9390, Revised Codes. It is obvious, therefore, that he obtained the extension too late, and we must sustain the motion to strike the bill of exceptions from the transcript. O'Donnell v. City of Butte, 72 Mont. 449, 235 Pac. 707; Vicain v. City of Missoula, 107 Mont. 105, 81 Pac. (2d) 350. We are, therefore, limited in our review to the remainder of the judgment roll.''

In H. Earl Clack Co. v. Oltesvig, 104 Mont. 255, 258, 68 Pac. (2d) 586, 587, this court said: ''The respondent filed a motion in this court to strike the bill of exceptions from the transcript on appeal for the reason that the trial court did not settle the bill within the time allowed by law and the additional period of sixty days granted. The record shows that the bill of exceptions was served and filed four days after the expiration of the additional time granted by the trial court. The motion to strike was well founded in view of the ruling of this court in the case of O'Donnell v. City of Butte, 72 Mont. 449, 235 Pac. 707.''

R. C. M. 1947, sec. 93-8708 provides: ''Extension of time. When an act to be done, as provided in this code, relates to * * * the preparation of statements, *or of bills of exceptions,* or of amendments thereto, or to the service of notices other than of appeal, the time allowed by this code may be extended, upon good cause shown, by the court in which the action is pending,

or a judge thereof; *but such extension shall not exceed ninety days without the consent of the adverse party.*" (Emphasis supplied.) Not only did the defendants not consent to the extension of time which the trial court allowed but they opposed the granting thereof,—made timely challenge to the jurisdiction of the trial court to make the order granting the extension and presented and argued a timely motion to quash plaintiffs' application and motion for such further time.

Section 93-5505 expressly mentions and has specific and special application to the time that may be lawfully allowed for the preparation, service, filing and settlement of bills of exceptions. Under this statute the district court may, before the statutory period of fifteen days has elapsed, extend the time not to exceed sixty days except upon affidavit showing the necessity for further time but the district court is without the power or authority to grant any such extension if, at the time the application is made, the statutory time for service of the bill has fully expired. Thus the trial court is without power to settle or allow a bill of exceptions when the statutory time or any proper extension thereof has fully elapsed.

The law is as stated in State v. Vallie, 82 Mont. 456, 459, 460, 268 Pac. 493, 494, wherein this court said: "The fact that counsel stipulated * * * that the bill, as then presented, might be allowed and settled as defendant's bill of exceptions on appeal, is of no avail. Counsel could not in this way reinvest the judge with jurisdiction which he had lost, to settle the bill. His certificate to the purported bill was a nullity. [Citing cases.]

"Under the authorities, we cannot take cognizance of the purported bill of exceptions. To do so would amount to holding that we have discretionary power to dispense with the law whenever we deem it droper to do so."

After the entry of the judgment plaintiffs did nothing within the time allowed by section 93-5505 to comply with the requirements of such statute. Thus by their non-action did plaintiffs utterly fail to do that which must be done to entitle them to the benefits and advantages of a bill of exceptions.

After having thus failed to take any action to comply with ▮ the specific and special provisions of section 93-5505 being the governing statute herein, plaintiffs attempted to invoke the provisions of section 93-3905, being a general statute, which makes no mention whatever of bills of exceptions. Plaintiffs assert that their case comes within that portion of section 93-3905 which provides: ''The court may * * * upon such terms as may be just, relieve a party * * * from a judgment, order, or *other proceeding taken against him* through his mistake, inadvertence, surprise, or excusable neglect''. Plaintiffs do not claim that the judgment entered on March 27, 1951, or that any order in the action was taken against them by mistake, inadvertence, surprise or excusable neglect but they do contend that when they took no action and defendants took no action and the trial judge took no action in the premises, that such *non-action* amounts to a ''proceeding taken against'' plaintiffs through their ''mistake, inadvertence, surprise, or excusable neglect''. We do not so interpret the statute nor do we find that section 93-3905 has any application herein. *''Non-action''* is not the equivalent of a *''proceeding taken against''* plaintiffs.

Section 93-3905 is a general statute which makes no mention ▮ of bills of exceptions, while sections 93-5505 and 93-8708 are special statutes pertaining to the preparation and extension of time for the service and filing of bills of exceptions. The rule of construction is well settled in this state that the provisions of a special statute control those of a general statute relating to the same subject matter. Reagan v. Boyd, 59 Mont. 453, 197 Pac. 832; In re Wilson's Estate, 102 Mont. 178, 195, 56 Pac. (2d) 733, 105 A. L. R. 367.

We do not find that the provisions of section 93-3905 authorize ▮ any relief from failure of a litigant to prepare, serve and file his bill of exceptions within the time fixed by statute as extended by the lawful orders of the trial court or judge thereof made pursuant to timely application by the litigant or his counsel. Here the plaintiffs obtained the extension too late, the trial judge's order granting the extension is null and void

and we must sustain defendants' motion to strike the bill of exceptions from the transcript thus limiting our review to the remainder of the judgment roll. Compare Koger v. Halverson, 125 Mont. 560, 242 Pac. (2d) 273.

Actions for forcible entry and unlawful detainer are governed by the provisions of Chapter 97 of the Code of Civil Procedure, being sections 93-9701 to 93-9720 of the Revised Codes of Montana of 1947. Therein is nothing that prohibits a defendant in any such action from availing himself of the rules of practice provided in R. C. M. 1947, sec. 93-3415. On the contrary, such practice is authorized by sections 93-9707 and 93-9718 which expressly make applicable to this proceeding the provisions of sections 93-2301 to 93-8717, wherein is included section 93-3415, supra. The cross-complaint herein fully meets all requirements of sections 93-9708, 93-9716, 93-3202 and 93-3415 of the Codes. Its allegations clearly state a cause of action and allege a violation by the cross-defendants of the statutes governing forcible entry and unlawful detainer and in connection with the identical property described in plaintiffs' complaint. The judgment roll discloses that the trial court had jurisdiction of the parties and of the subject matter of the litigation; that the case was tried on its merits before a jury and that judgment in conformity to the verdict and the law was rendered and entered.

Finding no reversible error, the judgment of the trial court is affirmed.

ASSOCIATE JUSTICES METCALF, BOTTOMLY and FREEBOURN, concur.

MR. JUSTICE ANGSTMAN: (dissenting).

I think my associates are in error in holding that the bill of exceptions may not be considered.

That courts may relieve a person from his default in presenting the bill of exceptions within the time allowed by law has been well settled in other jurisdictions having statutes similar to our section 93-3905, R. C. M. 1947.

The courts of California under an identical statute have held that the court may grant relief under the statute for failure to file the bill of exceptions in time. Stonesifer v. Kilburn, 94 Cal. 33, 29 Pac. 332; Banta v. Siller, 121 Cal. 414, 53 Pac. 935; People v. Everett, 8 Cal. App. 430, 97 Pac. 175; Haviland v. Southern California Edison Co., 172 Cal. 601, 158 Pac. 328; Jones v. Title Guarantee & Trust Co., 178 Cal. 375, 173 Pac. 586; California National Bank v. ElDorado Lime & Minerals Co., 200 Cal. 452, 253 Pac. 704. The Supreme Court of Utah also holds that the court may grant such relief under a statute similar to ours. Morgan v. Oregon Short Line R. Co., 27 Utah 92, 74 Pac. 523; George B. Leavitt Co. v. Couturier, 82 Utah 256, 23 Pac. (2d) 1101. And this may be done even though the rule is there, as here, that without such relief the court has no jurisdiction after the lapse of the statutory time to settle the bill. Findlay v. National Union Indemnity Co., 85 Utah 110, 38 Pac. (2d) 760.

"It is well settled that appellate courts have always been and are favorably disposed toward such action upon the part of the trial courts as will permit, rather than prevent, the adjudication of legal controversies upon their merits." Benjamin v. Dalmo Mfg. Co., 31 Cal. (2d) 523, 190 Pac. (2d) 593, 594.

And an appellate court will listen more readily to an appeal from an order denying relief than to one granting it. Hambrick v. Hambrick, 77 Cal. App. (2d) 372, 175 Pac. (2d) 269.

I think the court was right in relieving plaintiffs of their default in presenting the bill of exceptions in time and that the bill should be considered by us. Since there was no appeal taken by defendants from that order they are in no position to question the sufficiency of the showing of inadvertence or excusable neglect as distinguished from the question of the jurisdiction or power of the court.

Further I think the judgment appealed from by plaintiffs cannot stand even though the bill of exceptions may not be resorted to. Defendants sought to interpose a cross-complaint in their answer. The complaint was for forcible entry and un-

lawful detainer. The judgment on its face shows that it is based on the cross-complaint.

This court has held that our statutes do not contemplate that a counterclaim may be interposed in such an action. Spellman v. Rhode, 33 Mont. 21, 81 Pac. 395.

The purpose of R. C. M. 1947, secs. 93-9701, et seq., relating to forcible entry and unlawful detainer actions, was to provide a speedy remedy to obtain possession of real property. Spellman v. Rhode, supra; Herzog v. Texas Company, 88 Mont. 580, 294 Pac. 962.

The courts generally hold that this purpose would be frustrated if defendants are permitted to interpose every defense usual or permissible in ordinary actions at law, and it is quite generally held that neither counterclaims nor cross-complaints are permissible in such actions unless provided for by statute. 36 C. J. S., Forcible Entry and Detainer, sec. 28, page 1168; 22 Am. Jur., Forcible Entry & Detainer, sec. 42, p. 940.

Our statute, section 93-3415, relating to cross-complaints, is substantially the same as section 442 of the California Code of Civil Procedure and the California courts have repeatedly held that a cross-complaint may not be interposed in a forcible entry and unlawful detainer action. Arnold v. Krigbaum, 169 Cal. 143, 146 Pac. 423, Ann. Cas. 1916D, 370; Smith v. Whyers, 64 Cal. App. 193, 221 Pac. 387; Schubert v. Lowe, 193 Cal. 291, 223 Pac. 550; Henderson v. Miglietta, 206 Cal. 125, 273 Pac. 581.

The same has been held by the Supreme Court of Arizona in Olds Bros. Lumber Co. v. Rushing, 64 Ariz. 199, 167 Pac. (2d) 394, 397, wherein the court said: "As we have said, the object of a forcible entry and detainer action is to afford a summary, speedy and adequate remedy for obtaining possession of premises withheld by tenants, and for this reason this objective would be entirely frustrated if the defendant were permitted to deny his landlord's title, or to interpose customary and usual defenses permissible in the ordinary action at law. For this reason counter-claims, offsets and cross-complaints are not

available either as a defense or for affirmative relief in such action, as indicated by our statutes and the statutes of most states. And for the same reason, the merits of the title may not be inquired into in such an action, for if the merits of the title and the other defenses above enumerated were permitted and the court heard testimony concerning them, then other and secondary issues would be presented to the court and the action would not afford a summary, speedy and adequate remedy for obtaining possession of the premises.''

One exception to this rule is where the tenant has voluntarily surrendered possession of the premises and hence where the issue of possession is removed from the case and the case has become one for the recovery of unpaid rent. Heller v. Melliday, 60 Cal. App. (2d) 689, 141 Pac. (2d) 447; Samuels v. Singer, 1 Cal. App. (2d) 545, 36 Pac. (2d) 1098, 37 Pac. (2d) 1050; Servais v. Klein, 112 Cal. App. 26, 296 Pac. 123; D'Amico v. Riedel, 95 Cal. App. (2d) 6, 212 Pac. (2d) 52. The pleadings disclose that this case does not fall within the exception.

Since the pleadings, without a bill of exceptions, show the pleading of a cross-complaint which is not permissible in an action for forcible entry and unlawful detainer and since the judgment roll discloses a judgment based upon the cross-complaint I think the case stands the same as if a court entered a decree quieting title to real property in a divorce action.

The objection that a complaint (and the same rule applies to a cross-complaint) does not state facts sufficient to constitute a cause of action is never waived (R. C. M. 1947, sec. 93-3306) and may be raised for the first time in this court. Hand v. Heslet, 81 Mont. 68, 261 Pac. 609 and cases there cited.

The procedure of questioning the sufficiency of a pleading for the first time on appeal is not looked upon with favor, Galland v. Galland, 70 Mont. 513, 226 Pac. 511, and when this is done every reasonable deduction will be drawn in order to uphold the pleading, particularly where the defect relied on is such as might have been remedied by amendment. Munson v. Solace, 66 Mont. 70, 212 Pac. 1103. But here the objection to

the cross-complaint is fundamental. It is an objection that cannot and could not be cured by amendment. The cross-complaint could not be amended to conform to proof so as to state a defense in a forcible entry action.

Hence if we may not resort to the bill of exceptions to determine that plaintiffs did in fact question the sufficiency of the cross-complaint at the trial in the district court, still they may raise the point for the first time in this court where as here the question goes to the very root of the cause of action attempted to be stated in the cross-complaint and where the same may not be cured by amendment.

I think the infirmity of the judgment in favor of defendants appears from the judgment roll without the aid of a bill of exceptions and that the same should be set aside as unwarranted.

## On Petition for Rehearing

MR. CHIEF JUSTICE ADAIR:

Plaintiffs have filed a petition for rehearing wherein they challenge the jurisdiction of the district court of Gallatin county to render judgment on the cross-complaint contending ''that a cross-complaint may not properly be presented in an action of this type.''

As to type, this is a civil action at law sounding in tort wherein the plaintiffs seek redress against the defendants for the claimed forcible entry and unlawful detainer of certain described premises situate in Gallatin county.

*Statutory Proceedings.* In Montana actions for forcible entry and unlawful detainer are purely statutory civil proceedings.

The governing statutes comprise Chapter 97 of the Code of Civil Procedure, being sections 93-9701 to 93-9720, both inclusive, of the Revised Codes of Montana of 1947.

Sections 93-9708, 93-9714 and 93-9716 govern the complaint. Section 93-9711 authorizes the defendant to appear and answer

or demur, while section 93-9716 requires that the complaint and answer be verified.

Chapter 97 of the Code of Civil Procedure fails to set forth the rules of practice which are to govern either the demurrer or answer mentioned in such chapter. No section in said chapter says when or on what grounds a defendant may demur nor how he shall specify or state his objections to the complaint. No section in said chapter says what the answer must contain nor what may be incorporated therein. However, section 93-9718 provides that except as otherwise provided in Chapter 97, the provisions of sections 93-2301 to 93-8717 are applicable to and constitute the rules of practice mentioned in Chapter 97. Thus does section 93-9718 make Chapter 33 of the Code of Civil Procedure, entitled "Demurrer to Complaints", being sections 93-3301 to 93-3306, inclusive, and Chapter 34 of the Code of Civil Procedure, entitled "Answer", being sections 93-3401 to 93-3415, inclusive, applicable to and constitute the rules of practice in actions and proceedings for forcible entry and unlawful detainer, said sections being encompassed by and included within "sections 93-2301 to 93-8717" specified in section 93-9718, supra.

Section 93-9706 relates to the parties to the proceedings provided for in Chapter 97, supra, and provides: Who must be made parties defendant; who need not be made defendants; that none of the proceedings shall abate nor shall the plaintiff be nonsuited for the nonjoinder of any person who might have been made a party defendant; that the failure to serve the statutory notice upon a subtenant who became such after service of notice upon the tenant of the premises shall be no defense to the action and that coverture shall be no defense should the tenant or subtenant be a married woman. Section 93-9706 also provides the method for enforcing an execution upon a personal judgment issued against a married woman and designates those who shall be bound by the judgment in addition to the persons made parties to the action.

Section 93-9707 provides that except as provided in section

93-9706, supra, ''the provisions of sections 93-2301 to 93-8717, relating to parties to civil actions, are applicable to this proceeding.''

No provision of section 93-9706, supra, denies to any defendant in any action brought under the provisions of Chapter 97 the permissive right accorded by section 93-3415, to ''any defendant to an action'' to file a cross-complaint against all parties to such action against whom he desires relief.

Section 93-3415, in part, provides: ''Whenever any defendant to an action desires any relief against any party relating to or dependent upon the contract, transaction, or subject-matter upon which the action is brought, or affecting the property to which the action relates, or whenever the judgment in such action may determine the ultimate rights of defendants to an action as between themselves, any defendant may, in addition to and in his answer, file at the same time, or subsequently by permission of court, a cross-complaint against all parties to such action, and may make as additional parties to such action, and ask relief against, any person, firm, association, or corporation, necessary or required to permit the court to make a full determination of and to adjudicate all rights of any person, firm, association, or corporation, relating to or dependent upon the contract, transaction, or subject-matter, or affecting the property to which the action relates.''

Irrespective of how the statutes of other states may read, the provisions of sections 93-9707 and 93-9718 specifically make certain designated sections of our Code of Civil Procedure, which includes section 93-3415, applicable to actions and proceedings for forcible entry and unlawful detainer and authorize a defendant therein to file a cross-complaint under the facts and circumstances here shown.

A cross-complaint is in the nature of an original action, the only real difference between a complaint and a cross-complaint being that the former is filed by the plaintiff and the latter by the defendant.

''The purpose of allowing a cross-complaint is to enable all

matters in dispute between the parties relating to or depending upon the contract, transaction or subject matter upon which the action is brought, or affecting the property to which the action relates, to be determined in a single action and by a single judgment which shall give to a defendant seeking it such affirmative relief as he is entitled to,—in other words, to avoid a multiplicity of suits and thereby save vexation and expense. For all practical purposes the situation resulting from the filing of a cross-complaint involves a consolidation of two independent actions arising out of, or related to, the same transaction.'' 1 Bancroft's Code Pleading, sec. 447, p. 648.

*Jurisdiction.* The Constitution of Montana provides: ''The ▆ district court shall have original jurisdiction \* \* \* of actions of forcible entry and unlawful detainer \* \* \*.'' Art. VIII, sec. 11.

R. C. M. 1947, sec. 93-9705, provides: ''The district court of the county in which the property, or some part of it, is situated, shall have jurisdiction of proceedings under this chapter; provided, that justices' courts, within their respective towns, townships, or cities, shall have concurrent jurisdiction.''

Thus by the Constitution and laws enacted pursuant thereto was jurisdiction over the subject matter conferred upon the district court.

The allegations of the cross-complaint set forth all the ultimate ▆ facts essential to the statement of a good cause of action under R. C. M. 1947, secs. 93-3201 to 93-3203, 93-3415, and 93-9701 to 93-9720, and are sufficient to challenge the attention of the court and invoke its action in a determination of the claim of the cross-complainants for judgment against the cross-defendants. The trial court had jurisdiction of the subject matter of the litigation,—the proper parties were before it, the action of the court was invoked by appropriate pleadings, issue was joined and the case was tried upon its merits and determined by a jury's verdict. Hence we find no merit in the plaintiffs' contention that the trial court had no jurisdiction to render judgment herein based upon the cross-complaint and the jury's

verdict. Compare Haggerty v. Sherburne Mercantile Co., 120 Mont. 386, 389, 390, 186 Pac. (2d) 884; Horstman v. Bowermaster, 90 Okl. 262, 217 Pac. 167; Howard v. Duncan, 163 Okl. 142, 21 Pac. (2d) 489.

Section 93-2301 provides: ''There is in this state but one form of civil action for the enforcement or protection of private rights and the redress or prevention of private wrongs.''

Section 93-2303 provides: ''A question of fact not put in issue by the pleadings may be tried by a jury or court, upon an order for the trial, stating distinctly and plainly the question of fact to be tried; and such order is the only authority necessary for a trial.'' Compare Horstman v. Bowermaster, supra.

Thus in this state there is but one form of civil action for the enforcement or protection of private rights, whether such private rights be those of a landlord or those of a tenant. Likewise there is but one form of civil action for the redress or prevention of private wrongs whether they be suffered by the landlord or by the tenant. The same remedies and the same redress are available to a tenant wronged by his landlord as are available to a landlord wronged by his tenant.

From what has been said, it follows that the petition for a rehearing should be denied. Such is the order.

ASSOCIATE JUSTICES FREEBOURN, METCALF and BOTTOMLY, concur.